W. H. C. GOODE AND N. MARGARET STIMMEL *v.* JOHN SUT-
TON AND JANE, HIS WIFE.

Under the first section of the act of February 18, 1848 (S. & C. 744), where the petition upon its face showed that the action had been brought upon an instrument for the payment of money, upon which the maker had agreed to pay usurious interest at a stipulated rate, and that usurious interest had been paid and credited thereon at the rate stipulated; and the defense of usury had not been set up by the maker, by answer or otherwise: *Held*, that the court might, of its own motion, refuse to enter judgment for "more than the balance found due after deducting the excess of interest so paid;" or if the usurious interest so stipulated for had not been paid, then, in like manner, refuse to enter judgment for more than the amount found to be due by computing interest at the rate allowed by law.

MOTION for leave to file petition in error to reverse the judgment of the Court of Common Pleas of Logan county.

On the 30th of October, 1871, John Sutton executed his promissory note to the order of A. Atwood for $6,000, payable October 31, 1872, *with ten per cent. interest after due,* and on the same day he and his wife executed a mortgage on real estate to secure the payment thereof.

On the note are credits indorsed as follows:

1872, Nov. 18, $302, interest up to April 1, 1873.

1873, May 30, $305, interest up to November 1, 1873.

1873, Nov. 1, $301, interest up to May 1, 1874.

1874, Oct. 6. The plaintiffs filed petition in the Court of Common Pleas of Logan county against Sutton and wife, alleging that on March 18, 1874, Atwood assigned them the note and mortgage, showing the proper facts and praying " that an account may be taken of the amount due, and

that said lands may be sold to satisfy the" note and mortgage. No answer was filed and no defense was made.

1874, Nov. 25.   The common pleas "find there is due to the plaintiffs on the note and mortgage $6,341.66," and rendered judgment as at law for plaintiffs against defendants for this sum, and ordered lands sold to pay plaintiffs said sum.   The interest was paid and credited, as shown on the notes, at ten per cent. to May 1, 1874, and a computation shows that the judgment included interest at ten per cent. from that date to date of judgment, November 25, 1874, according to the agreement in the note.

1876, March 18.   The District Court of Logan county, on petition in error by Sutton and wife, reversed the entire judgment and decree of the common pleas and remanded the case to the common pleas for further proceedings.

1877, April Term.   The cause was again submitted to the court of common pleas without answer or evidence solely on the facts as alleged in the original petition, and a decree was made " that the payments mentioned in the petition of November 18, 1872, for $302, and May 30, 1873, for $305, and November 1, 1873, for $301, upon the allegations of the petition, should be applied, only to payments of interest at six per centum, and the excess of such payments above that rate should be applied as payments on account of the principal sum of said note set out in the petition, and that on the allegations of the petition there was due to plaintiffs up to November 25, 1874, $5,782.56."

The plaintiffs, by this proceeding, seek the reversal of the judgments of the district court, and also the last-named judgment of the court of common pleas.

*William Lawrence* and *Joseph H. Lawrence,* for the motion :
If the money judgment of the common pleas of November 25, 1874, in form as at law be improper as not prayed for, or as against a married woman, so far the judgment of reversal may be supported.

On the material points in the case we maintain :

I.  On a petition for the sale of lands to pay a debt secured

by mortgage, on which usurious interest has been paid, the court will not *sua sponte*, without defense, apply the usurious payments " as payments made on account of principal." This is well settled law in Ohio, both in cases of equitable and legal jurisdiction. *Shelton* v. *Gill*, 11 Ohio, 417 ; *Commercial Bank* v. *Reed*, 11 Ohio, 498 ; *Spaulding* v. *Bank of Muskingum*, 12 Ohio, 544 ; *Rains* v. *Scott*, 13 Ohio, 115 ; *Graham* v. *Cooper*, 17 Ohio, 605 ; *Roberts* v. *Price*, 4 (Cleveland) Western Law Monthly, 581.

These cases hold that if usurious interest *is paid*, it can not be recovered back, and in an action to recover money, it can not be deducted from the principal due.

It was in view of the law thus settled that the legislature determined to some extent to change it by the statute of February 18, 1848. 1 S. & C. 744 ; 2 Curwen, 1407.

The second section, which prescribes the form of pleading, is repealed by the civil code, section 606, but the necessity for a pleading making the defense is more than supplied by the code sections as to pleading, and the provision of section 127, that " every material allegation of the petition not controverted by the answer, shall, for the purposes of the action, be·taken as true."

This statute of 1848 is to be strictly construed and enforced on three well-known principles :

1. " That where one claims a statutory right against another, he· shall bring himself clearly within the terms which confer that right." 1 Curwen, 7 ; *Hardin* v. *Owings*, 1 Bibb, 216 ; *Wilson* v. *Holeman*, 2 Ohio, 253 ; *Bliss* v. *Long*, 5 Ohio, 276 ; *Bradley* v. *Sneath*, 6 Ohio, 490 ; *Rolcliff* v. *Beck*, 19 Western Law Journal, 72.

2. Statutes in derogation of common law principles are to be strictly construed. And so the courts have construed this statute. *Mallon* v. *Munson*, 2 Handy, 97–99.

3. " The plea of usury is a personal privilege," and is *waived* if not specially set up. In Tyler on Usury, 403, it is said of a debtor having a right to make the defense of usury : "If for any reason—his desire to avoid litigation, his pride of character, or his conscientious sense of justice—

he may be induced to waive his legal rights and to satisfy a demand, he is at liberty to do so, although it may be obnoxious to the defense of usury." In *Busby* v. *Finn*, 1 Ohio St. 420, the supreme court quote from *Bearce* v. *Barstow*, 9 Mass. 48, with approval, the following : " Where the party liable upon a usurious contract will not avail himself of the remedy provided by the statute for the purpose of avoiding it, . . . a judgment upon a usurious contract is not for that objection to be avoided." *Cotton* v. *Lake*, 2 Mass. 540 ; *Wells* v. *Elliott*, 12 Mass. 26 ; *Bush* v. *Bush*, 7 Mon. (Ky.) 53 ; *Murry* v. *Crocker*, 1 Scam. (Ill). 212 ; *Olcott* v. *Alden*, 6 N. H. 517.

" The defense of usury must be set up in the first instance in the court of original jurisdiction." 4 Abbott National Digest, 333, citing *Newell* v. *Nixon*, 4 Wallace, 572 ; *Riddle* v. *Canby*, 4 Western Law Monthly, 131.

It is not the business of the court to make a defense which the debtor is ashamed to make, and does not want to make, and will not make, and does not make.

And to permit a debtor to wait until after judgment, and then on error make the defense, is to enable him to gain time by his negligence. This would be a fraud upon the creditor. By his delay he is estopped from making the defense.

In *Dole* v. *Northrop*, 19 Wis. 249, it was held that for the court to permit " an amendment to a plea after several terms from the commencement of the action to set up the defense of usury, and after judgment entered and a new trial granted, was an abuse of discretion," which was reversible on error.

The defense of usury is like that of the statute of limitations, and is waived if not *specially* made by pleadings. *Sturges* v. *Burton*, 8 Ohio St. 221 ; *Newsom* v. *Ran*, 18 Ohio, 240 ; *Sheets* v. *Baldwin*, 12 Ohio, 120 ; *Vose* v. *Woodford*, 28 Ohio St. ; *Acker* v. *Ledyard*, 1 Denio, 667. The rule is general in most, if not in all the states, that " the defense of usury must be *distinctly set up* in the defendant's plea or answer, showing the time of the usurious contract ; and the

proof must correspond with the allegation." If not so set up, the defense is deemed waived. *Vroom* v. *Ditmas,* 4 Paige, 526; *N. O. Gas Light Co.* v. *Dudley,* 8 Paige, 452; *Suydain* v. *Bartle,* 10 Paige, 94; *Curtis* v. *Masten,* 11 Paige, 15; *Lace* v. *Hinds,* Clarke Ch. 453; *Rowe* v. *Phillips,* 2 Sand. Ch. 14; *Hetfield* v. *Newton,* 3 Sand. Ch. 564; *Manning* v. *Tyler,* 21 N. Y. 567; *Morford* v. *Davis,* 28 N. Y. 481; *Griggs* v. *Howe,* 2 Keyes, 574; S. C., 3 Keyes, 166; 2 Abbott, 291; 31 Barb. 100; *Lane* v. *Losee,* 2 Barb. 56; *Fay* v. *Grimsteed,* 10 Barb. 321; *Gould* v. *Horner,* 12 Barb. 601; *Gasper* v. *Adams,* 24 Barb. 287; S. C., 28 Barb. 441; *Mechanics' Bank* v. *Foster,* 44 Barb. 87; S. C., 29 Howard, 408; *Watson* v. *Bailey,* 2 Duer, 509; *Scott* v. *Johnson,* 5 Bos. 213. This has been changed by the code only so far as respects question of variance. *Catlin* v. *Gunter,* 11 N. Y. 368, reversing S. C., 1 Duer, 253. And see *Dagal* v. *Simmons,* 23 N. Y. 491; *Duel* v. *Spence,* 1 Abbott, 559; *Fay* v. *Grimsteed,* 10 Barb. 321. A party setting up the defense of usury must aver and prove the facts. *Cutler* v. *Wright,* 22 N. Y. 472; *Bank of Metropolis* v. *Orcutt,* 48 Barb. 256. A court of equity will not grant relief on the ground of usury after a judgment obtained by default or a trial at law. *Tapping* v. *Van Pelt,* Hoff. Ch. 545; *Chinn* v. *Mitchell,* 2 Met. (Ky). 92; *High* on Injunctions, sec. 103; *Turpin* v. *Thomas,* 2 H. & M. 139.

It has been urged that the petition does not *aver* that the payments indorsed on the note were made as for usurious interest. The whole petition does show this. There is no evidence of any payment except as it appears in the petition, and the form of credits indorsed shows the payments made and applied as usurious interest. The evidence must be all taken together, as well that which appears for plaintiffs as defendants. The note is *per se* an agreement for interest at ten per cent., and an authority to so apply payments. *Field* v. *Holland,* 6 Cranch, 8; 1 Am. L. Cas. 284; *Gill* v. *Rice,* 13 Wis. 553. In support of the original decree it must be *presumed* this was sufficiently proved *aliunde,* if necessary. *Shroyer* v. *Richmond,* 16 Ohio St. 455; *Taylor*

v. *Fitch*, 12 Ohio St. 169 ; *Bethel* v. *Woodworth*, 11 Ohio St. 397 ; *Nott* v. *Johnson*, 7 Ohio St. 220 ; *Gittings* v. *Baker*, 2 Ohio St. 21 ; *Palmer* v. *Farrington*, 1 Ohio St. 261 ; *Johnson* v. *Mullen*, 12 Ohio, 10 ; *Smith* v. *Sprout*, Wright, 757 ; *Mathis* v. *McCord*, Wright, 647.

II. When a note stipulates for ten per cent. (being in excess of the legal rate), and this rate is actually carried into a decree taken *pro confesso* on default, the court will not, on error, aid the debtor to avoid it.

In this case, the court carried into the first decree $341.65 for ten per cent. interest from the last payment on the note, May 1, 1874, to date of decree, November 25, 1874, thus giving the plaintiff $136.66 more than six per cent. interest.

1. If this was error, the decree should have been modified accordingly, and not reversed. Code, sec. 513 ; *Col. R. R.* v. *Simpson*, 5 Ohio St. 251.

2. But on the principles already stated, a court of errors can not, without plea, interfere to aid the debtor, who by his usurious contract is a *particeps criminis*. If he had made the defense, the court would aid him by reason of the statute of 1848. But as he made no defense, he waived all objection to the enforcement of the contract he had made. If he can quietly permit a judgment and then interpose on error, he will be guilty of two wrongs—the illegal contract and the delay of the creditor in an acknowledged debt.

It is a rule that courts will not enforce illegal contracts, but if executed they will not aid parties asking relief. The law leaves parties in such cases where it finds them. Why does this not apply on error as well as in original proceedings ? The principle is all the same.

3. The decree as to this can neither be reversed nor modified, because it is to be presumed there was no proof that the parties consented to the enforcement of the contract according to its terms. *Christy* v. *Douglass*, Wright, 485 ; *Mathis* v. *McCord*, Wright, 647 ; *Smith* v. *Sprout*, Wright, 757 ; *Bethel* v. *Woodworth*, 11 Ohio St. 393–397 ; *Taylor* v *Fitch*, 12 Ohio St. 169 ; *Johnson* v. *Mullen*, 12 Ohio, 10 ; *Palmer* v. *Yarrington*, 1 Ohio St. 253–261 ; *Gittings* v. *Baker*,

2 Ohio St. 21 ; *Nott* v. *Johnson*, 7 Ohio St. 270 ; *Shroyer* v. *Richmond*, 16 Ohio St. 455 ; *Shelton* v. *Dunn*, 6 Kan. 128 ; *Hefferlin* v. *Stuckslager*, 6 Kan. 166 ; *Hoffman* v. *Myer*, 6 Kan. 398.

The amount due was, as a " matter of fact, submitted to the decision of the court," and error does not reach it. *Reynolds* v. *Rogers*, 5 Ohio, 169.

*Price & Martin*, contra, argued :

The cases in 11, 12, and 13. Ohio, cited by plaintiff's counsel, were based on one or both of the two following reasons, to wit : 1. That the usurious interest having been paid, it was an executed contract; 2. That the debtor being a *particeps criminis*, the law would leave him where it found him. And are not applicable to this case, for the act of 1848 (S. & C. 744) was intended to change the law established by these decisions ; and that the existence of this statute takes away the necessity of pleading usury, when it appears on the face of the petition that usury has been taken.

GILMORE, J. The judgment of the court of common pleas, October 6, 1874, against Jane Sutton, the wife of the maker of the note, was erroneous, and as to her the judgment of the court was properly reversed ; and a reversal to this extent would not have been complained of by the plaintiffs in error. It is the reversal of the judgment as to John Sutton by the district court, and the subsequent decree of the court of common pleas, finding and applying the excess of interest above six per cent. per annum that had been previously paid and credited as interest upon the note, as payments upon the principal, and rendering a decree for the balance due upon the note, with six per cent. only, that is complained of.

Previous to the act of 1848, which will be hereafter particularly noticed, under the laws in force, as construed by this court, where an agreement for usurious interest had been executed, and the interest advanced, it could not be

recovered back, or the excess above the legal rate of interest applied as payment upon the principal, because :

1. Having made and executed such a contract, the court would leave the parties where it found them. *Shelton* v. *Gill*, 11 Ohio, 417.

2. The parties were said to be *pari delicto*, and the courts would not, therefore, interfere after they had executed an agreement for usurious interest. *Commercial Bank* v. *Reed*, 11 Ohio, 498.

3. Usurious interest once voluntarily paid could not be set off against the principal. *Graham* v. *Cooper*, 17 Ohio, 606.

To these may be added the fact that there was no law then in force requiring courts to refuse to give effect to usurious contracts, whether executed or executory, by entering judgment in pursuance thereof, unless the usury was specially pleaded. Per Thurman, J., *Busby* v. *Finn*, 1 Ohio St. 420.

So the law stood at the time of the passage of the act of February 18, 1848 (S. & C. 744), which reads as follows :

" Sec. I. That in all actions for the recovery of money, hereafter prosecuted in the courts of this state, all payments of money or property made by way of usurious interest, whether made in advance or not, shall be deemed and taken, as to the excess of interest above the rate allowed by law at the time of making the contract, to be payments made on account of principal; and the said court shall render judgment for no more than the balance found due after deducting the excess of interest so paid; nor shall any debtor be deemed a *particeps criminis*, on account of having paid, or having agreed to pay, such exorbitant interest, but shall have like remedy and relief in either case.

" Sec. II. That the defendant, in any such action as in the first section is mentioned, may plead specially, or give notice with the general issue of his intention to give evidence on the trial of the payment or reservation of any such usurious interest, or of the true consideration on which the contract sued upon shall be founded."

It may be observed that the second section was subsequently repealed by the 606th section of the code of civil. procedure.

The first section revolutionized the law as it had formerly stood on the subject of usury, and swept away the effect of the decisions upon the subject above alluded to, and others, to substantially the same effect, upon the same points.

1. It abrogates the distinction between executed and executory agreements for the payment of usurious interest upon contracts. When executed, by the payment of usurious interest in advance or otherwise, the excess above the rate allowed by law at the time of the making of the contract, shall be deemed payments made on account of principal.

2. The effect previously given to the fact that the parties to an executed usurious agreement were in *pari delicto*, is also abrogated by this language of the section : " Nor shall any debtor be deemed *particeps criminis* on account of having paid, or having agreed to pay, such exorbitant interest."

3. Where the petition upon its face shows that a recovery is sought, upon an agreement for the payment of usurious interest at a stipulated rate, the section before us authorizes the court to refuse to give effect to such a contract according to its terms as to the interest, whether executed by the payment of the usurious interest agreed upon, or executory in reference to the usury. The language of the section in this respect is as follows : " And the court shall render judgment for no more than the balance found due after deducting the excess of interest so paid."

If the debtor had agreed to pay, but had not paid usurious interest on the agreement, the contract remained executory, but judgment should be rendered for no more than the amount found due upon the agreement, by computing interest at the legal rate.

The remaining question is : Where the defendant had failed to make defense as to the usury, by answer or other-

wise, and judgment had been entered against him for the full amount of the obligation sued upon, including the excess of interest at the usurious rate previously paid, and accrued interest at the usurious rate remaining unpaid, would error lie to reverse the judgment?

On behalf of plaintiffs in error, it is contended by counsel that the provisions of the second section of the act of 1848, which has been repealed, have been more than supplied by section 127 of the civil code, which provides that " every material allegation of the petition not controverted by the answer, shall, for the purposes of the action, be taken as true ;" and that where one claims a statutory right against another, he shall bring himself clearly within the terms which confer the right. The argument, as I understand it, is, that inasmuch as the defendant is seeking to avail himself of the provisions of the first section of the act of 1848, in reference to usury, he can be permitted to do so only by answer setting up the usury, and thus controverting the allegations of the petition, which upon its face showed that the note upon which the action was brought was usurious, and also showed that interest had been paid and credited thereon, at the stipulated usurious rate; and that having failed to so answer, and judgment having been entered against him for the amount due, including accrued interest at the stipulated usurious rate, and without deducting the excess of interest above the legal rate, previously paid, the defendant is bound by the judgment, on the ground that the uncontroverted allegations of the petition were found to be true, and the judgment as to amount conforms to these allegations.

The decisions in this state, previous to the act of 1848, required the defense of usury, like the defense of the statute of limitations, to be deemed waived, if not specially pleaded ; and the decisions cited from other states are to the same effect.

But we think that the first section of this act furnishes its own rule on this subject, which is this : If the petition on its face shows that the action is brought upon an instru-

ment for the payment of money, by which the maker has agreed to pay usurious interest at a stipulated rate, and that interest had been paid at the usurious rate stipulated, the court is required, in the absence of an answer, of its own motion, to see that judgment is not rendered for more than balance found to be due after deducting the excess of interest so paid, and applying it as payment upon the principal, or if the usurious interest has not been paid, then for the amount found due by computing interest at the legal rate. This satisfies the language of the first section, and at the same time does no violence to the language of the 127th section of the civil code; for the plaintiff was allowed to take judgment for the full amount that was *lawfully* due to him, in strict accordance with the legal effect of the uncontroverted allegations of his petition.

We think the district court rightly reversed the first judgment of the court of common pleas, and the last judgment of the latter court is affirmed.

*Judgment accordingly.*