McIlvaine, J.
The statute of May 4, 1869 (sections 3179, 3180, 3181 and 3182 of Revised Statutes) provides that the parties to any bond, bill, promissory note or other instrument of writing for the forbearance or payment of money at a future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per centum per annum payable annually, and that judgments on such bond, bill, promissory note or other instrument of writing should bear the same rate of interest until paid; but, it further provides, that in all other cases where interest is allowed, “ the *16 creditor or creditors shall be entitled to interest at the rate of six per centum per annum, and no more.” And the statute of February 18,1848 (section 3183 of Revised Statutes), makes all payments of interest in excess of the rate allowed by law to be payments on account of principal, except as to bona fide indorsers before -maturity.
Although neither principal nor lawful interest is forfeited in case of usurious contract under this legislation, it is clear that such contract, as to all interest in excess of the rate allowed by law, is void. It was decided in Goode v. Sutton, 29 Ohio St. 587, that in an action, where it appears on the face of the petition, that usurious interest has been stipulated for, .the court, on its own motion, where no defense is set up as to usury by answer or otherwise, may refuse to enter judgment for more than the balance found due after deducting the excess of interest paid over and above the legal rate, or if the usurious interest stipulated for has not been paid, to refuse to enter judgment for more than the amount found to be due by computing interest at the rate allowed by law.
And under the act of March 14, 1850, commonly called the ten per cent, interest law, which was similar to the act of May 4, 1869, above referred to, except that it authorized the parties to stipulate in the bond, bill, note or other instrument of writing for a rate of interest not exceeding ten per centum yearly, it has been held repeatedly, that where the rate of interest stipulated for in a written instrument exceeded ten per cent., or where the rate stipulated for was ten per cent, on the principal sum named therein, which sum embraced a part of the interest contracted for, the judgment thereon should not exceed the amount found to be due upon a computation of interest at the rate of six per cent, per annum. Bunn v. Kinney, 15 Ohio St. 40; Samyn v. Phillips, Id. 218; West v. Maddock, 16 Ohio St. 417. Thus, it is made to appear that the policy of this legislation is to prevent the enforcement of usurious contracts, to the extent of the usury contracted for, as if the statute had declared usurious contracts to be illegal or criminal.
. The contention of the plaintiff in error however, is, that the *17 promissory notes involved in this controversy are strictly within the terms of the statute, to wit, for the payment of the sum of money actually loaned, with interest at the rate of eight per cent., payable annually. By this contention, it is conceded that the side notes for two per cent, additional interest were void, and that the amount paid thereon should be treated as payment upon the principal of the notes. This theory assumes that there were two contracts between the parties — one lawful, the other unlawful. The fact, as found by the court of common pleas, is, that there was but one contract between the parties, namely, the loan of $2,500, with interest at the rate of ten per cent, payable annually. If this contract had not been re.duced to writing, the loan, under the statute, would have been at the rate of six per cent, interest. If it had been reduced to writing in the form in which it was made, the rate of interest collectible would have been six per cent, and no more. These propositions are not denied. The question, then is, Can the effect of the last proposition be evaded by the mere device of writing so much of the contract as was authorized by law, upon one piece of paper1, and that part of the contract which shows a violation of the statute, upon another ? Surely not. Such device is a fraud upon the statute. The true meaning of the statute, is, that when parties stipulate for interest at a rate not exceeding eight per centum per annum payable annually, they may bind themselves by putting such stipulation in the bond, bill, note or other instrument of writing. The legislative intent was that a creditor who stipulates for more than eight per cent, interest, payable annually, should be remitted to simple interest at the rate of six per cent. And it matters not as to the form which the usurious transaction may be made to assume, whether it be plainly written on the face of the bond, or be added to the principal debt, or be paid in advance, or evidenced by a collateral agreement. In West v. Maddock, supra, the plaintiff loaned defendant $2,000, and on that consideration alone, took his note for $2,500 with interest at the rate of ten per cent. This note, on its face, was strictly within the letter of the statute then in force. The plaintiff was restricted to $2,000 and interest at the rate of six per cent., *18 although the rate of interest stipulated for in the note was within the letter of the statute. Nor was the vice of that transaction in the stipulation to pay interest upon unearned interest merely. Undoubtedly the same judgment would have followed if the stipulation had been limited to the payment of interest upon $2,000 of the principal sum named,-namely, the actual amount of the loan. The stipulation for the payment of interest at the rate of ten per cent., was violated by reason of the fact that the real contract was for a rate of interest greater than ten per cent., and such is the exact statement of the legal question in this case. True, the contract here was evidenced by two written instruments instead of one, but these evidenced a single contract, whereby the lender of money exacted from the borrower a promise to pay, in satisfaction of the loan, a greater sum of money than the statute authorized — a usurious contract, in consequence of which the statute remits him to the rate of six per cent, on the sum actually loaned.
The case of Ohio ex rel. v. Perrysburgh, 35 Ohio St. 519, has been referred to and relied on by both parties. There is nothing in that case which conflicts with the foregoing decision. The question in that case was as to the validity of certain bonds issued by the defendant under the act of May 13, 1868. The question of interest involved in that case arose under that act, and was not controlled, in any manner, by the act of 1869, which has been considered in this case.

Judgment affirmed.