(Superior Court of Cincinnati—Special Term.)

### S. M. WIDDIFIELD v. THE AETNA LIVE STOCK INS. CO. et al.

1. Where usurious interest has been paid on a loan, the amount of the usury may be credited on the principal.
2. The same principle applies where the loan is evidenced by a note which is canceled by the giving of a new note, and the second is canceled by the giving of a third note, and so on, constituting one loan.

(Decided July 10, 1895.)

HUNT, J.

This is an action on a promissory note for $500, given by the defendant to the plaintiff. The execution of the note is admitted by the defendant, while the answer states that the note sued upon is one of a series, the first of which was dated November 20, 1890, and that defendant has paid to plaintiff usurious interest of $10 each month from that date up to the maturity of the note sued on, and that all of the payments should be credited on the notes for $500. The defendant offers to confess judgment for $180.17, the balance admitted to be due after deducting usurious interest.

Plaintiff admits that defendant paid $10 each month from November 20, 1890, to March 20, 1894.

The cancelled notes and checks of defendant to plaintiff, and the checks of plaintiff to defendant, given at the time each successive note was given, are in evidence, and admitted by both sides.

The only oral evidence supplied the dates of the notes of March 21, 1892, and September 26, 1893, and further explained that the defendant was not ready to pay off the loan when any of the notes became due, and that defendant company has since failed, and has been dissolved.

It appeared also that the defendant was a mutual company, and received all its money by assessments and dues from its members. The question involved is simply whether or not the numerous notes, the first of which was given November 20, 1890, and the others at regular intervals of ninety days to and including December 29, 1893, were simply renewals, and constituted one loan, or whether each transaction was so separate and distinct from the other as to constitute an entirely distinct transaction.

If the successive notes were simply renewals of each other, and if one promise to pay was taken up by another promise to pay, then the whole transaction is tainted with usury, and the company would be entitled to the credit for usurious interest.

This requires an examination into the transaction itself.

The tabulated statement shows that (1) each new note was given on the same day or a day prior to the time when the cheque of the plaintiff was given in payment of the preceding note; (2) that no cheque of the defendant was ever used until plaintiff had given defendant a cheque for a like amount; and (3) that in no case was there a payment of a maturing note until a new note was given to the plaintiff and a cheque for the same amount given by the plaintiff to defendant.

In the case of Horsey v. Heath, Jr., 5 Ohio, 353, where a note at maturity was taken up and the form of payment gone through with and a new note given in its place, and where it appears that this was done simply to conform to the rule of business in banks, and that there was no real extinguishment of the debt, the court held that it was in fact only an extension and continuance of the original loan. In that case, too, the fact that the endorsements were not always the same, was held immaterial so long as it was clear that it was a loan between the same maker and payee.

In Bank of Cadiz v. Slemmons, 34 Ohio St. 142, the court says if a payee take from the maker a promissory note, and at the same time surrender the maker's note of an earlier date given for a loan of money, the facts, and not simply what the payee called or considered the transaction, will determine whether it was a renewal or payment of the original loan.

In Hardman v. Wilson, 40 Ohio St. 630, it was set up in the reply that there was an agreement "that there should be a final settlement and payment of the said loan and interest, and said loan should not be continued longer." The allegation appearing, however, that the debtor was not then ready to pay, "the court held that the reply did not describe a complete settlement and liquidation between the parties, and voluntary payment of interest (12 Ohio, 159) such as bars inquiry for and deduction of illegal interest. As stated, it represented a plain attempt to evade the usury law of the state."

In Beals v. Lewis, 43 Ohio St. 223, it was claimed that the new notes and the payment of an additional sum of money operated as payment of the old note. The court, however, held that: "Prima facie the second and third notes were in renewal, and we see nothing in the transaction which leads to the conclusion that we should regard either the first or second notes as paid. They were simply cancelled, and the debt they evidenced remained unsatisfied. The only transaction was a loan of money."

The case of Coppock, administrator of Kebler, v. Kuhn, 3 C. C. Rep. 599, involved a transaction with a bank, and the claim was made that there was usury to the extent of 8 per cent. in advance. The court not only held that the different notes constituted one transaction, but at page 601 the court, delivering the opinion, (Smith, J.), says: "It is also clear from other decisions in this state, that where the original transaction is tainted with usury, and subsequently the 'notes' are given in renewal thereof, which on account of such usury are far more than the amount legally due, and suit is brought upon the last of such renewals, the court on proper pleadings and proofs, will search the whole transaction, and the holder, unless protected by the law of negotiable paper, will be allowed to recover only the amount of the original loan, with six per cent. thereon, after crediting all payments thereon at their proper dates."

It is the contention of the defendant that the transaction comes under the case of Shelton v. Gill, 11 Ohio, 417, where it is held that illegal interest paid cannot be recovered back; and also the case of Baggs v. Louderbach, 12 Ohio, 153, where it is held that the consideration may be inquired into for the purpose of detecting illegal interest, and disallowing it, unless there has been a voluntary and full liquidation and payment of interest between the parties. Graham v. Cooper, 17 Ohio 605, is cited to the same effect, as well as Williamson v. Cole, 26 Ohio St. 207, to the extent that usurious interest voluntarily paid can not be recovered back.

Sec. 3183 of the Revised Statutes provides that payment of money or property made by way of usurious interest, whether made in advance or not, shall be deemed and taken as to the excess of interest above the rate allowed by law at the time of making the contract, to be payments made on account of principal, and judgment shall be rendered for no more than the balance found due after deducting the excess of interest so paid. No debtor shall be deemed particeps criminis on account of having paid, or having agreed to pay, such exorbitant interest, but he shall have like remedy and relief in either case. This is the law as enacted February 18, 1848. (S. & C. 744.)

Prior to the act of 1848, where an agreement for usurious interest had been executed and the interest advanced, it could not be recovered back,

or the excess above the legal rate of interest applied as payment upon the principal, because having made and executed such a contract, the court would leave the parties where it found them, and because as it was held in Commercial Bank v. Reed, 11 Ohio, 498, the court would not interfere after they had executed an agreement for usurious interest, because the parties were said to be in pari delicto, and also because, as it was held in Graham v. Cooper, 17 Ohio, 606, usurious interest once voluntarily paid could not be set off against the principal.

The court says, however, in Goode & Stemmel v. Sutton, 29 Ohio St. 587, that the first section of the act of February 18, 1848, revolutionized the law as it had formerly stood on the subject of usury, and swept away the effect of the decision upon the subject above alluded to, and others to substantially the same effect upon the same points.

1.   It abrogates the distinction between executed and executory contracts for the payment of usurious interest upon contracts.   When executed by the payment of usurious interest in advance or otherwise, the excess above the rate allowed by law at the time of making of the contract shall be deemed payments made on account of principal.

2.   The effect previously given to the fact that the parties to an executed usurious agreement were in pari delicto, is also abrogated by this language of the section: "Nor shall any debtor be deemed particeps criminis on account of having paid, or having agreed to pay such exorbitant interest." Conceding that usurious interest when voluntarily paid can not be recovered back, yet an examination of the whole transaction establishes the fact that the successive notes were simply renewals of each other, and that the promise to pay was taken up by another promise to pay.   There was no actual payment in full liquidation of the original loan, and the defendant has the right, under the statute, to have all payments in excess of the legal rate of interest credited on the debt as an account of principal.

The actual amount due plaintiff from the defendant up to May 9, 1895, is $180.17, for which amount, with costs, to the time of trial, judgment may be taken.

S. N. Maxwell, for plaintiff.

P. A. Reece, contra.