## AS TO AGREEMENT THAT NOTE MAY BE DISCHARGED OTHERWISE THAN BY PAYMENT.

Circuit Court of Cuyahoga County.

F. E. WETTSTEIN v. THE BANKERS NATIONAL BANK.

Decided, May 27, 1912.

*Promissory Note—Verbal Agreement for Discharge Otherwise than by Payment, Unenforcible, When—Usurious Interest.*

1. A verbal agreement made contemporaneously with the execution of a promissory note that it may be discharged in some other way than by the payment of money, while it remains executory, is no defense to an action on the note, but when fully executed it operates as payment, or accord and satisfaction.
2. It is error to enter judgment on a promissory note for ten per cent. interest, though the note was executed and delivered in another state, unless there is proper evidence before the court that such interest is allowable under the laws of such other state.

*Lang, Cassidy & Copeland,* for plaintiff in error.
*L. J. Grossman* and *I. N. Loeser,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

The parties to this action stand in the reverse order to that in which they stood in the court below. The terms "plaintiff" and "defendant" however, will be used in this opinion as applied to the parties in the original action.

The plaintiff is a corporation organized under the banking laws of the United States of America, and located in the city of Ardmore, Oklahoma. Suit was brought by this plaintiff upon a promissory note executed by the defendant to one C. W. Baumbach, or to his order, at Ardmore, Oklahoma, on the 1st day of August, 1907, by which the defendant undertook to pay to the order of C. W. Baumbach on the 15th day of October, 1907, the sum of $5,000 with interest at the rate of 10 per cent. per annum from maturity until paid, which said note was indorsed by said Baumbach and delivered by him to the plaintiff.

The petition is in the short form, and there is annexed to it and made a part of it a copy of the note upon which the suit was

brought, together with endorsement thereon of C. W. Baumbach.
The defendant filed an amended answer to the petition, in which
he admitted the execution of the note, but says that he ought not
to be required to pay because, he says, that at or prior to the date
of the note here sued on, C. W. Baumbach executed and deliv-
ered to the defendant his note for $5,000 due October 15, 1907,
with interest at the rate of 6% per annum; that at or about the
time of the execution of the note here sued upon, it was agreed
between the defendant and said Baumbach that in case said note
so made to defendant should not be paid at its maturity, then
defendant should not be liable upon the said note, so made by
him either to Baumbach or to any transferee or holder thereof,
but would be from thenceforth discharged from his obligation
thereon; and it was further agreed that in case defendant failed
to pay the note here sued upon, that Baumbach should not be
liable upon his note to defendant or to any transferee or holder
thereof, but would be from thenceforth discharged from his lia-
bility thereon. Defendant further says that the said Baumbach
did not pay the said note at its maturity, and that the same is
still unpaid. Defendant further says that at the time plaintiff
acquired said note drawn by defendant to the order of C. W.
Baumbach, and prior thereto, plaintiff was fully apprised of the
agreement between the defendant and C. W. Baumbach as above
set forth, and that plaintiff took said note with full knowledge
of all the conditions and limitations thereto attached by reason
of the said agreement.

To this answer the plaintiff filed a reply, which consisted sim-
ply of a denial of the affirmative matter set up in the answer.

On this state of the pleadings, the court, on motion of the
plaintiff, gave judgment in its favor for the entire amount called
for by the note, including 10 per cent. interest from its maturity.
It is to reverse this judgment that the present proceeding is
prosecuted.

Of course, if the answer of the defendant makes a good de-
fense, then there was error on the part of the court in granting
the motion. We are of opinion that the answer did not make a
good defense. We have examined the briefs of counsel both for
the plaintiff and the defendant, and our decision is based upon a

consideration of the points made by both, including the provision made in Section 8224 of the General Code, which provides: "A negotiable instrument is discharged by another act which will discharge a simple contract for the payment of money."

The authorities with which counsel for both parties in this case are familiar, and which are cited and quoted from in their briefs, fully establish the position taken by the plaintiff in error, "that a verbal agreement made contemporaneously with the execution of a promissory note that it may be discharged in some other way than by the payment of money, while it remains executory, is no defense to an action on the note, but when fully executed it operates as payment or accord and satisfaction."

This is the way in which the rule is stated in the case of *Patrick* v. *Petty*, 83 Ala., 420, and is borne out by a large number of authorities, the authorities all being to the effect that no such contemporaneous agreement, while it remains executory, will constitute a defense to the note; and we have, therefore, the question presented of whether the giving of the contemporaneous note by the payee of the note sued upon in this action, with the agreement that if that note is not paid, the note sued upon was not to be paid, and that from that time on nothing was done by either party toward the payment of either note, constitutes an executed contract by which the note in suit should be discharged.

Certainly the giving of this contemporaneous note did not discharge the maker of the note in suit from the payment of such note. But it is urged that the non-payment of the note not here in suit itself operates to make of that note an executed contract, that is to say, the contract evidenced by that note, it is said, is executed because nothing was ever done about it. This contention is not, as we view it, sound. To make an executed contract which should operate as a discharge of the note in suit, something affirmative was required to be done after the execution of the notes. No affirmative thing ever was done; the result is that there was no executed contract for the discharge of this note, and the answer constituted no defense to the note sued upon.

But even though there had been no answer, it is said the court erred in giving judgment for the full amount called for by the terms of the note, to-wit, interest at the rate of 10 per cent.

We think this contention is sound. It is settled law and known to every lawyer, that in the absence of evidence to the contrary, the presumption is that the law of the place where the contract is executed is the same as the law of the place where the enforcement is sought. In this case there is no evidence on the subject. If this contract had been made in Ohio, it would on its face show a contract for the payment of usurious interest, and as said by our Supreme Court in the case of *Goode* v. *Sutton,* 29 O. S., 587, "If the petition on its face shows that the action is brought upon an instrument for the payment of money, by which the maker has agreed to pay usurious interest at a stipulated rate, and the interest had been paid at the usurious rate stipulated, the court is required, in the absence of an answer, of its own motion to see that judgment is not rendered for more than the balance found to be due after deducting the excessive interest so paid and applying it as payment upon the principal, or, if the usurious interest has not been paid, then for the amount found due by computing interest at the legal rate."

Keeping in mind, then, that the presumption is that the law of Oklahoma on the subject of interest is the same as the law of Ohio, the note on its face shows an agreement to pay usurious interest, and treating this as it should be treated, with this presumption of the law, it is clear that the court erred in allowing interest at a higher rate than 6 per cent., and unless the excessive interest is remitted by the plaintiff, the judgment will be reversed for error. If, however, such remittitur is made, the judgment for the amount of the note computed at 6 per cent. will be affirmed.