Allread, J.
The parties stand in this, court as they did in the court below. Plaintiff, A. Ward Clutch, • brought suit against the defendants, L. P. Ebright and others, upon a promissory note. Defendants answered with a plea of payment. During the trial leave was obtained to file an amended answer, adding a plea of usury.
The trial resulted in' a verdict in favor of the defendants in the sum of $22.48. A motion for a new trial was overruled, the affirmative finding of $22.48 was ignored, and a judgment rendered simply in favor of the defendants. ■
The case is here upon petition in error. The chief assignments of error relied upon by counsel *450 are, first, the granting of leave during the trial to file an amended answer tendering an issue as to usury; second, the charge of the trial court that the defense of usury might be established by a preponderance of evidence; third, that the trial court erred in not setting aside the verdict entirely, because of the erroneous finding of $22.48 in favor of defendants, and in rendering a judgment upon the verdict after eliminating such finding; and, fourth, that the verdict is not sustained by sufficient evidence.
We think it was discretionary with the trial court to allow the amended answer to be filed and that there was no such abuse of discretion in. respect thereto, under the circumstances disclosed in the record, as would justify the granting of a new trial.
Upon the contention that the defense of usury must be established by clear and convincing evidence, cases have been cited from the states of New York, New Jersey, Virginia and Georgia. In these states, however, it will be observed that usury involves a penalty or forfeiture, and the decisions requiring clear and convincing evidence are based upon the proposition that a penalty or forfeiture is involved.
There are many cases from other states holding that the defense of usury may be established as in other civil cases, by a preponderance of evidence.
In 39 Cyc., page 1055, the author, after reviewing cases holding that the defense of usury must be established by clear and convincing evidence, says:
*451 “This, however, is a higher degree of proof than is required by the great majority of cases in which the question of usury is involved. The rule is that the degree of proof required is the same as in other civil cases, and that the usury need not be proved with that strictness required to support a criminal charge. In other words, as in other civil cases, usury must be established by'a preponderance of evidence, but this is all that is required.”
Section 8306, General Code, provides that payment of money or property by way of usurious interest shall, as to the excess of interest above the rate allowed by law, be taken to be payment on account of the principal. In other words, payments of usurious interest are declared by our statute to be payments upon the principal. There is no forfeiture of the principal, nor is there any forfeiture of legal interest. The statute is remedial and not penal. See Wheatley v. Waldo, 36 Vt., 237; Nichols v. Stewart, 21 Ill., 106, and Musselman v. McElhenny, 23 Ind., 4.
Counsel for plaintiff in error, however, relies upon the case of Boone v. Andrews et al., 10 C. C., N. S., 377. In the syllabus of this case it is held:
“Where usury is pleaded as a defense to a written instrument in contradiction to the terms of such instrument, the burden is on the party so asserting it, and the plea must be supported by clear and satisfactory evidence.”
The case was not an action upon a promissory note where the usurious payments were asked to be credited on the principal under our statute. The case involved the setting aside of a written contract of a more or less intricate nature. We do not con *452 trovert the correctness of this decision and of the syllabus above quoted, but we have reached the conclusion, after full and careful consideration, that in an action upon a promissory note, where the usurious payments of interest are set up and asked to be applied as credits upon the principal, such defense may be established by a preponderance of the evidence.
The next objection relates to the affirmative verdict upon the cross-petition in favor of the defendants.
It is clear that the defendants were not entitled under our statute to recover the excess of the usury after liquidating the principal. To that extent the verdict was erroneous.
Still we think the trial court was authorized to reject the erroneous part of the verdict and render a simple judgment for the defendants. This the court did. -
We have carefully considered the other objection, relating to the sufficiency of the evidence. As to the amounts of payments upon the principal and interest, and as to the amounts of commissions paid by the plaintiff, there is some conflict, but we are clearly of the opinion that the verdict and judgment in respect thereto are not against the manifest weight of evidence.
Counsel for plaintiff in error insists, however, that the plaintiff had a legal right to charge commissions in the making of a renewal of this loan, because he claims that the evidence shows that the loan was really for his brother and that plaintiff was acting as agent.
*453 The controversy here is as to the fact. The notes were made to the plaintiff and the suit was brought in plaintiff’s name. There is also evidence to the effect that the loan was made by plaintiff. There is evidence of some force to the effect that as between the plaintiff and his brother the loan was regarded as that of the brother. The trial court submitted this as a question of fact tó the jury and their verdict implies a finding upon their part that the loan was that of the plaintiff. While different juries might have arrived at different conclusions upon this question of fact, yet we are of opinion that a reviewing court would not be justified in disturbing the verdict upon this issue.
Finding no prejudicial error, the judgment will be affirmed.

Judgment affirmed.

Ferneding and Kunkle, JJ., concur.