**LUEBKE, Appellee,**

v.

**MOSER, Appellant.**

[Cite as *Luebke v. Moser* (1991), 74 Ohio App.3d 200.]

Court of Appeals of Ohio,
Ottawa County.

No. 90–OT–008.

Decided May 17, 1991.

Kathleen L. Giesler, for appellee.

Ernest E. Cottrell, Jr., for appellant.

HANDWORK, Presiding Judge.

This matter is before the court on appeal from the June 8, 1989 and March 2, 1990 orders of the Port Clinton Municipal Court which granted summary judgment in favor of appellee, Thomas W. Luebke, and dismissed the counterclaim of appellant, Paul Moser. On appeal, appellant asserts the following assignments of error:

"Assignment of Error I

"The trial court erred in holding that the plaintiff-appellee need not repay the defendant-appellant the amount overpaid (two thousand one hundred and no/100 dollars [$2,100.00]) on the note after the defendant-appellant had repaid the entire principal with interest. The court erred because it did not follow the legislature's intent of the statute by protecting the vulnerable debtor.

"Assignment of Error II

"The trial court erred in holding that the plaintiff-appellee need not repay the defendant-appellant the amount overpaid (two thousand one hundred and no/100 dollars [$2,100.00]) on the note after the defendant-appellant had

repaid the entire principal with interest. The court erred because the plaintiff-appellee converted property of the defendant-appellant Paul Moser."

This case originated as a complaint filed by appellee against appellant to recover the balance due on a promissory note executed by appellant. Appellant counterclaimed, admitting that he signed the note but asserting that the note violated R.C. 1343.01 because the interest rate set by the note exceeded eight percent. Appellant alleged that after the excess usurious interest was applied to the principal and interest properly due, he still had overpaid appellee by $2,100. Appellant sought to recover this excess amount. The court determined that the interest rate on the note was usurious and calculated that the note had been fully paid. The court also held that appellant was not entitled to recover the excess usurious interest he paid to appellee because no law permitted such recovery.

■ In his first assignment of error, appellant argues that the court below erred because it incorrectly interpreted the legislature's intent behind R.C. 1343.01 and ignored Ohio's common law. In his second assignment of error, appellant asserts that the trial court erred when it did not find that the excess usurious interest had been converted by appellee. These two assignments of error have been consolidated for purposes of this opinion.

At common law, if usurious interest was voluntarily paid by a borrower to a lender, the borrower could not recover such usurious interest from the lender. *Hade v. McVay, Allison & Co.* (1877), 31 Ohio St. 231, 239–240, and *Williamson v. Cole* (1875), 26 Ohio St. 207. See, also, Annotation (1958), 59 A.L.R.2d 522. A predecessor statute to R.C. 1343.04 permitted such usurious interest to be applied toward the principal balance owed to provide some recovery for the borrower. See *Kock v. Block* (1876), 29 Ohio St. 565, and *Goode v. Sutton* (1876), 29 Ohio St. 587. That statute was interpreted by an appellate court as providing only for the setoff of the excess interest paid against the principal balance due and not for recovery of any remaining excess usurious interest which was paid above and beyond the principal and interest due. *Clutch v. Ebright* (1916), 5 Ohio App. 449. Through R.C. 1343.04 and its predecessor, the legislature provided a means by which a borrower could have some means of recovery. However, we must strictly construe the statute to avoid extending the boundaries of the statute beyond that intended by the legislature. Since the statute provides only for the setoff of excess usurious interest against the principal balance due, the legislature must have intended to have the common law control in all other situations.

■ Appellant cites to *West v. Meddock* (1865), 16 Ohio St. 418. However, we find his reliance on *West* to be misplaced. *West* stands for the proposition that if a borrower mistakenly pays a lender more than what was actually

borrowed, the borrower may recover the excess principal and interest paid. The case before us does not involve a voluntary payment based on a mistake of fact, but a mistake of law. Because appellant voluntarily paid the excess usurious interest, he has waived any right to reclaim the money beyond what the statute allows. Therefore, we find appellant's assignments of error not well taken.

Having found that substantial justice has been done the party complaining, the judgment of the Port Clinton Municipal Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred in connection with this appeal.

*Judgment affirmed.*

ABOOD and MELVIN L. RESNICK, JJ., concur.