JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Leonard M. Loch, Jr., appeals from a default judgment entered against him in the amount of $980,812 plus costs and attorney's fees in the amount of $6300, plus interest at the rate of twenty percent. He contends the court erred and abused its discretion by awarding a default judgment as a sanction for failing to provide discovery, and that the court erred by finding "defendant's actions found in fraud," by awarding attorney's fees, and by including usurious interest as part of the judgment.
 {¶ 2} The complaint was filed on September 9, 2002. It alleged that the defendant failed to pay the sum of $430,000 due on six promissory notes which were attached to the complaint. The complaint further alleged that these loans were secured by certain assets which defendant falsely represented that he was empowered to pledge and which appellant falsely represented to contain more than enough equity to secure the loans. Finally, the complaint alleged that the defendant had no intention to repay the notes when they were executed. Plaintiff prayed for compensatory damages of $430,000 plus accrued interest, attorney's fees, and punitive damages. Defendant answered pro se, and admitted that plaintiff loaned him $430,000, but denied all other allegations of the complaint.
 {¶ 3} On June 10, 2003, plaintiff moved the court for an order compelling defendant to respond to a request for production of documents which was served upon defendant on February 2 and 19, 2003. The court granted this motion on July 1, 2003, and ordered defendant to comply with the request "on or before 07/15/2003 or sanctions including the possibility of entry of judgment shall be ordered." Following a pretrial conference on September 2, 2003, the court again ordered defendant to produce the documents requested "on or before 09/19/2003 or judgment shall be entered against him."
 {¶ 4} On October 27, 2003, plaintiff moved the court for sanctions in the form of a judgment against defendant for his refusal to produce documents as requested. Correspondence dated August 29, 2003 which was attached to the motion as Exhibit D indicated that defendant did provide some documents in response to the request for production. However, the motion stated that defendant "has not produced any further documents despite having admitted their existence at the last pretrial."
 {¶ 5} Defendant responded with a motion to strike the request for sanctions on the ground that discovery documents were given to the plaintiff. However, the court granted the motion for sanctions, entered judgment for plaintiff, and scheduled a damages hearing. Following the damages hearing the court entered judgment as follows:
 {¶ 6} "Hearing held on damages. Plaintiff and counsel present. [Defendant] present pro se. Judgment for the plaintiff in the amount of $980,812.00 plus court costs and attorney fees in the amount of $6300.00. Interest shall accrue from the date of judgment at the rate of 20% per annum pursuant to the contractual terms agreed to between the parties. The court finds that the defendant's actions were found in fraud."
 {¶ 7} Appellant first complains that the court awarded sanctions without making a determination that discovery had not been provided. Appellant claims the parties made contradictory statements, so the court had to determine whether there was a discovery violation.
 {¶ 8} The court could make a determination whether there was a discovery violation from the parties written submissions. Documentation attached to plaintiff's motion for sanctions listed the materials that plaintiff requested and that appellant had not provided. Appellant's simple assertion that "discovery documents were given to plaintiff," does not contradict this motion, because plaintiff conceded that some documents were provided. If appellant meant to say that all discovery had been provided, he should have said so. If appellant believed that some of the discovery requests were burdensome or irrelevant, he should have moved the court for a protective order pursuant to Civ.R. 26(C). Therefore, we find the court did not err by awarding sanctions without a hearing.
 {¶ 9} Next, appellant urges that the court erred by finding his actions were "in fraud." Appellant was not prejudiced by this finding because the court did not award plaintiff damages for fraud. The only damages the court awarded were the principal and interest due on the loans plaintiff made to appellant. Therefore, we overrule the second assignment of error.
 {¶ 10} Third, appellant argues that the court's award of attorney's fees was not supported by the evidence. At the damages hearing, plaintiff's counsel testified that he had been practicing law since 1978, that his billing rate was $150 per hour, and that he had expended some 42 hours on this matter since 2001. He did not provide an itemized account of his time.[1] During cross-examination of the attorney, appellant did not question the reasonableness of either the attorney's time or his hourly rate. Therefore, appellant has waived this issue. See Howard v. Norman's Auto Sales, Franklin App. No. 02-AP-1001, 2003-Ohio-2834, ¶ 22; Santoscoy v. GanleyNissan, Inc. (Sept. 2, 1999), Cuyahoga App. No. 75957.
 {¶ 11} Fourth, appellant contends that the court abused its discretion by entering default judgment as a sanction. If a party does not comply with a court order to provide discovery, the court may then make such orders as are just, including an order rendering judgment by default against the disobedient party. Civ.R. 37(B)(2)(c). If a party fails to serve a written response to a request for inspection submitted under Civ.R. 34, the court may also enter such orders as are just, including an order rendering judgment by default.
 {¶ 12} "The discovery rules give the trial court great latitude in crafting sanctions to fit discovery abuses. A reviewing court's responsibility is merely to review these rulings for an abuse of discretion." Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256. We find no abuse of discretion here. Appellant is not insulated from the imposition of sanctions by the fact that he provided some discovery after the court compelled him to do so. Plaintiff's motion for sanctions disclosed that appellant had informed the court and plaintiff that there were other documents responsive to plaintiff's request, but appellant had not allowed plaintiff to inspect and copy these documents. This is the sort of willful violation which may justify a severe sanction. See Faulkner v.Integrated Services Network, Cuyahoga App. No. 81877 and 83083, 2003-Ohio-6474; Wagner v. Nestle U.S.A., Inc. (July 19, 2001), Cuyahoga App. No. 78113. Accordingly, we overrule the fourth assignment of error.
 {¶ 13} Finally, appellant argues that the judgment included prejudgment interest at the rate of 30% per annum on one of the notes, a rate which he now claims is usurious. Appellant waived this argument by failing to raise it as an affirmative defense in the trial court.[2] See Civ.R. 8(C). Therefore, we overrule the fifth assignment of error.
Affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J. and Gallagher, J., Concur.
[1] He stated he would submit an affidavit to the court, but no affidavit was ever provided.
[2] Appellant argues that usury is a set-off, not an affirmative defense. Usurious interest actually paid may be applied as a set-off against a claim for the principal amount due. Luebke v. Moser (1991), 74 Ohio App.3d 200. However, where the debt has not been paid, usury is an affirmative defense to a claim for the interest due. Farm Credit Services v. Runyan (May 28, 1999), Champaign App. No. 98CA28. This defense does not render the contract void, but simply requires the court to reduce the interest rate to the legal rate. Arthur v. Arbogast (Nov. 17, 1980), Portage App. No. 986.