JOURNAL ENTRY and OPINION
{¶ 1} Defendants Classic Car Auto Body Frame, Inc. and Jerry Moore appeal from a common pleas court judgment finding them jointly and severally liable for unpaid rent from March to June 2000 plus unpaid utilities and attorney's fees. They raise four assignments of error. First, they argue that the court abused its discretion by admitting and relying upon the terms of a lease, even though the plaintiffs' claim was based upon a subsequent settlement agreement. They further assert that the court erred by finding defendant Jerry Moore personally liable. They contend the court erred by awarding attorney's fees to the plaintiffs, and that the court abused its discretion by denying the defendants leave to file a counterclaim. We find the court erred by awarding attorney's fees to plaintiffs. Therefore, we reverse this portion of the court's judgment. We affirm the remainder of the judgment.
 Procedural History {¶ 2} This action was originally filed in the Berea Municipal Court on August 20, 1999. The complaint alleged that defendants had defaulted on their obligation to pay rent pursuant to a 1998 lease, and sought restitution of the premises as well as rent due for June, July and August 1999, unpaid utilities, late fees, interest, attorney's fees and costs. Defendants answered and counterclaimed, urging that plaintiffs had not maintained the premises and had overcharged them for utilities.
 {¶ 3} The court issued a writ of restitution on September 13, 1999. On March 10, 2000, the defendants moved the court to quash and dismiss the writ because the parties had settled their dispute after the writ was issued.
 {¶ 4} The Berea Municipal Court judge recused himself and this matter was reassigned to the Parma Municipal Court. On May 24, 2000, a magistrate held a hearing on the motion to quash the writ. The magistrate determined that the parties had reached a settlement on September 29, 1999 under the terms of which the writ would be stayed pending the defendants' payment of past-due rent. If the defendants failed to make those payments, the writ would be executed. By the terms of the settlement, the defendants could continue to occupy the premises through October 1999.
 {¶ 5} An amended settlement agreement was then executed in November 1999. In the amended agreement, the defendants were given a month-to-month tenancy at the rate of $5003 per month. They agreed to vacate the premises as of April 30, 2000, and to be bound by the terms of the writ of restitution.
 {¶ 6} The magistrate determined that defendants had agreed to be bound by the writ of restitution until they vacated the premises or the writ was exercised, and therefore overruled the motion to quash. The court overruled the defendants' objections and adopted the magistrate's decision.
 {¶ 7} On May 9, 2001, plaintiffs filed an "amended second cause of action" which alleged that defendants had breached the amended settlement agreement by failing to pay rent in March and April 2000, by holding over their lease term for May and June 2000, and by failing to pay utilities. Plaintiffs sought damages for these amounts plus attorney's fees. This matter was transferred to the common pleas court because the damages claimed exceeded the municipal court's jurisdiction.
 {¶ 8} Defendants requested leave to file a counterclaim on March 28, 2003. The court denied this motion. A bench trial was conducted on September 30, 2003, after which the court entered judgment for plaintiffs for the rent due, utilities, and attorney's fees.
 Law and Analysis {¶ 9} Defendants first argue that the court abused its discretion by relying upon the 1998 lease agreement even though the plaintiffs' claims at this point are based upon the November 1999 amended settlement agreement. The third assignment of error claims the court abused its discretion by awarding attorney's fees to plaintiff. These claims are related because the judgment entry indicates the court awarded attorney's fees "pursuant to the terms of the lease."
 {¶ 10} We agree with defendants that plaintiffs' claim for rent and utilities from March through June 2000 arose under the amended settlement agreement, not under the lease. Therefore, the lease provisions concerning attorney's fees were irrelevant. The amended settlement agreement did not contain any provision for an award of attorney's fees.
 {¶ 11} Ohio follows the "American Rule," which generally requires that an award of attorney fees as costs to a prevailing party in a civil action or proceeding must be based upon either the express authorization of the General Assembly or a finding that the losing party has acted in "bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons." Sorin v. Boardof Edn. (1976), 46 Ohio St.2d 177. Attorney fees are also allowable as damages in breach-of-contract cases where the parties have bargained for this result and the breaching party's wrongful conduct has led to the legal fees being incurred. Here, there was neither a contractual nor a statutory basis for an award of fees, nor was there any finding of bad faith. Therefore, the court erred by awarding attorney's fees to plaintiffs.
 {¶ 12} In their second assignment of error, defendants argue that the court erred by finding Jerry Moore personally liable and rendering judgment against him. Moore contends that he signed the amended settlement agreement solely in his capacity as president of Classic Car Auto Body Frame, and not individually.
 {¶ 13} "Whether a corporate officer is personally liable upon a contract depends upon the form of the promise and the form of the signature." Spicer v. James (1985), 21 Ohio App.3d 222,223. The amended settlement agreement was, by its terms, "entered into by and between R.C.H. Co., and Robert Huge, hereinafter jointly referred to as `Robert Huge' and Classic Car Auto Body 
Frame, Inc. and Jerry Moore hereinafter jointly referred to as `Classic Car.'" Separate signature lines were provided for Moore and Classic Car Auto Body Frame, Inc. The clear intent of this agreement was that Moore was a party to the contract and would be indidually liable. He cannot defeat this obvious intent by writing the word "president" above his signature on the line marked with his name individually. Therefore, the second assignment of error is overruled.
 {¶ 14} Defendants finally argue that the court erred by denying their motion for leave to file a counterclaim. While leave to amend the pleadings should be freely granted, the court did not abuse its discretion in this case because the motion was untimely filed only six days before the scheduled bench trial. Therefore, the fourth assignment of error is overruled.
 {¶ 15} The common pleas court's judgment is reversed to the extent the court awarded plaintiffs attorney's fees in the amount of $3550.00. We affirm the remainder of the court's judgment.
This cause is reversed in part and affirmed in part consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. Concurs Karpinski, P.J. Dissents Concurs withseparate dissenting and concurring opinion.
 DISSENTING CONCURRING OPINION