DISCIPLINARY COUNSEL *v.* SMITH.

[Cite as *Disciplinary Counsel v. Smith,* 143 Ohio St.3d 325, 2015-Ohio-1304.]

(No. 2014–0197—Submitted June 10, 2014—Decided April 7, 2015.)

Per Curiam.

{¶ 1} Respondent, Scott Clifford Smith of Pepper Pike, Ohio, Attorney Registration No. 0039828, was admitted to the practice of law in Ohio in 1988. In July 2011, relator, disciplinary counsel, charged Smith with multiple violations of the Disciplinary Rules of the Code of Professional Responsibility and the Rules of Professional Conduct arising from his alleged use of unethical billing practices in five separate cases involving three clients who operated nursing homes in Ohio: Beverly Enterprises of Ohio, Inc., Altercare Care of Ohio, Inc., and Covenant Care, Inc.

{¶ 2} Relator alleged that while Smith was employed by a law firm, Weston Hurd, he billed as his own for work that was performed by another attorney at the firm, billed time in excess of the time actually spent on a particular task,

billed for work that was never performed by anyone at the firm, and billed time to multiple cases and clients for identical services and time on the same day. A probable-cause panel of the Board of Commissioners on Grievances and Discipline [1] certified relator's complaint to the full board.

{¶ 3} Smith answered the complaint. As his primary affirmative defense, he alleged that his clients had requested and approved generic billing narratives that could be assigned to one of seven litigation phases and deducted from a preapproved budget without disclosing the specific action that he took on his client's behalf. He claimed that this billing method was necessary to protect his clients against punitive-damages awards that might arise from violations of the Ohio Nursing Home Patients Bill of Rights, codified at R.C. 3721.10 et seq. He further alleged that he was unable to fully defend himself against relator's complaint because much of the evidence he needed to do so was protected by attorney-client privilege, which the affected clients had not fully waived, and also because his former firm had prevented him from accessing documentary evidence essential to his defense.

{¶ 4} In April 2012, Smith moved for summary judgment, alleging that he could not adequately defend himself "because certain documents that could exonerate him [had] not been reviewed or produced by the participants in [the] case" and because his former clients refused to disclose privileged documents and conversations pertaining to their billing guidelines. The motion, which was opposed by relator, was denied by the panel chairperson on July 24, 2012.

{¶ 5} A panel of the board conducted a hearing on February 4, 5, and 6, 2013, and heard testimony from six witnesses, including general counsel for two of the nursing-home clients affected by his conduct, three representatives of Weston Hurd, and Smith. The panel also received hundreds of pages of documentary evidence including billing records, correspondence, and deposition transcripts.

{¶ 6} After the hearing, the panel issued a report finding that Smith had violated the Disciplinary Rules and Rules of Professional Conduct as charged in the complaint. Relator then argued that Smith's misconduct warrants a two-year suspension, but the panel recommended that Smith be indefinitely suspended from the practice of law. The board adopted the panel's findings of fact and misconduct and also recommends that Smith be indefinitely suspended from the practice of law.

{¶ 7} Smith objects to the board's report on multiple grounds. Among other things, he alleges that the panel denied him due process when it failed to support his efforts to obtain discovery from relator and his former law firm.

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

{¶ 8} For the reasons that follow, we remand this cause to the board with instructions to remand it to the panel for additional discovery and hearing.

## Discovery

{¶ 9} Since he filed his first pleading, Smith has maintained that his billing methods were consistent with the billing instructions he had received from his long-term-care clients. He maintained that those billing methods were designed to conceal the nature of the clients' trial strategies from any opposing parties. He has also argued that every document in the five cases set forth in the complaint was uploaded to one or more online databases—Serengeti, Power Brief, and Client Connect—maintained by his clients or the third-party administrators involved in their litigation. Smith contends that while his billing narratives do not describe the work he performed, the computerized databases would contain all the documents he prepared or reviewed in those cases and thus are needed for him to justify the time that he billed each client.

{¶ 10} Smith contends that Weston Hurd, relator, and the board failed to understand how the electronic billing systems used by his long-term-care clients or their third-party administrators worked. Consequently, he argues that they did not examine, let alone produce, all the records relevant to the cases at issue here.

{¶ 11} Smith sought and received some discovery from relator beginning in November 2011. Following a January 24, 2012 prehearing conference, the panel chairperson recognized that there were some discovery issues to be resolved and ordered the parties to "exchange and submit to the Board an accounting of those documents requested by Respondent that are in possession of Relator." Smith served supplemental discovery requests on relator on February 14, 2012, and indicated that the documents were "requested but not provided" in his February 23, 2012 disclosure to the panel. Relator asserted that any documents that he had failed to produce were not in his possession and that a number of those documents, including copies of Smith's computer hard drive and e-mails from his time at Weston Hurd, were not relevant to the issues at hand.

{¶ 12} Throughout this disciplinary proceeding, Smith and his counsel stated that they had requested documents from Weston Hurd but that they had not received them. In his affidavit in support of his motion for summary judgment and again in his testimony, Smith stated that the firm refused to answer discovery requests or go forward with a related mediation that was required by Smith's employment agreement with the firm.

{¶ 13} Although Smith's counsel sent subpoenas duces tecum to two Weston Hurd employees in anticipation of their January 2013 depositions, the panel

quashed the subpoenas on the ground that they did not afford the witnesses adequate time to gather and produce the requested documents.

{¶ 14} Given the nature of Smith's longstanding and consistent defense of the charges against him, we are alarmed by the conspicuous absence of documentary or testimonial evidence regarding the actual content of the online databases with respect to the five cases at issue—evidence that in all probability would serve to either confirm or discredit Smith's claims. While the record shows that the affected clients or their third-party administrators used online databases to transmit and store pleadings, correspondence, billing, and other documents related to the clients' underlying actions, the testimony of the witnesses with access to those databases suggests only that the content of those databases *should*, theoretically, mirror the content of Weston Hurd's hard file. Therefore, in the interest of justice, we remand this cause for further discovery and hearing.

### Conclusion

{¶ 15} Based upon the foregoing, we remand this cause to the board with instructions to grant Smith a reasonable time to subpoena the documents and records previously identified in his January 2013 subpoenas duces tecum and discovery requests propounded on relator from the persons or entities that possess or have access to them (e.g., his former firm, the clients whose matters are set forth in the complaint, the insurance companies, or third-party administrators involved in these matters). We further instruct the board to conduct any additional proceedings necessary to address any discovery issues or newly discovered evidence that may arise as a result of this remand.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Anspach, Meeks & Ellenberger, L.L.P., and Kenneth R. Donchatz; and Montgomery Rennie & Jonson, L.P.A., and George D. Jonson, for respondent.