[Cite as *Ortega v. Ortega*, 2017-Ohio-7346.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| RAIMUNDO J. ORTEGA | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| IVETH P. ORTEGA | : | Case No. 15-CA-8 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Domestic Relations Divison,
                                  Case No. 2011 DR 00326


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 August 24, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RAIMUNDO J. ORTEGA                        DAVID W. POSTON
120 Willow Springs Lane                   155 East Columbus Street
Stockbridge, GA  30281                    Suite 160
                                          Pickerington, OH  43147

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Iveth Ortega, appeals the January 27, 2015 decree of divorce of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division.  Plaintiff-Appellee is Raimundo Ortega.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On June 1, 1987, appellant and appellee were married.  On June 24, 2011, appellee filed a complaint for divorce.  The parties had four children, two of which were still minors at the time of the divorce filing, but are now emancipated.

{¶ 3}  Hearings before a magistrate were held on March 20, and May 1, and 9, 2013.  The magistrate issued a decision on May 2, 2014.  Appellant filed objections.  By judgment entries filed September 18, and 24, 2014, the trial court denied the objections.  A final decree of divorce was filed on January 27, 2015.

{¶ 4}  Appellant filed an appeal and this matter is now before this court for consideration.[1]  Assignments of error are as follows:

I

{¶ 5}  "THE TRIAL COURT ERRED WHEN IT CREDITED APPELLEE WITH RECEIPT OF $3,500.00 ON THE BALANCE SHEET FOR THE 2011 FEDERAL TAX REFUND, WHEN APPELLANT ACTUALLY RECEIVED $6,853.00 FROM THAT REFUND."

---

[1]This appeal was placed in stay following the filing of a bankruptcy petition, and was reinstated on February 21, 2017.

II

{¶ 6}   "THE TRIAL COURT ERRED BY ORDERING APPELLANT TO PAY CHILD SUPPORT FOR TWO CHILDREN RETROACTIVE TO MARCH 20, 2013, WHEN ONE OF THE MINOR CHILDREN, DAVID, CONTINUED TO RESIDE SOLELY WITH APPELLANT."

III

{¶ 7}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN IMPUTING APPELLANT WITH AN ANNUAL INCOME OF $16,536.00 WHEN SHE HAD NOT BEEN EMPLOYED SINCE 1993."

IV

{¶ 8}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED APPELLANT TO PAY ONE HALF OF THE GUARDIAN AD LITEM FEES."

I, II, III, IV

{¶ 9}   In her four assignments of error, appellant claims the trial court erred in making decisions on issues which were also raised in her objections to the magistrate's decision.  In denying the objections, the trial court noted the following in its judgment entry filed September 18, 2014:

> The Defendant objects to certain factual findings made by the Magistrate in the Magistrate's Decision.  According to Ohio Civil Rule 53(D)(3)(b)(iii), "An objection to a factual finding, . . . shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. . . . The

objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. . . ."  The Defendant has not filed a transcript.

Without a transcript, the Court is unable to determine whether the Magistrate properly determined the factual issues raised in Defendant's objections to the Magistrate's Decision.  Pursuant to Ohio Civil Rule 53(D)(3)(b)(iii), it was the responsibility of the Defendant to obtain and file the transcript.  Defendant's objections to the factual findings made by the Magistrate are therefore denied.

Therefore, Defendant's Objection to the Magistrate's Decision is found not well taken and is denied.  The Magistrate's decision filed May 2, 2014 is hereby adopted as an Order of the Court.

*See also* Judgment Entry filed September 24, 2014.

{¶ 10} Although appellant filed timely objections with the trial court, she did not file a transcript or an affidavit for the trial court's review in support of her objections.  Appellant did file the transcript in this court with her appeal.  "When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate

record." *Oyler v. Oyler,* 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, ¶ 27, citing *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 654 N.E.2d 1254.

{¶ 11} Civ.R. 53(D)(3)(b)(iv) states:

> *Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 12} As explained by the Supreme Court of Ohio in *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

{¶ 13} In *Lesh v. Moloney,* 10th Dist. Franklin No. 11AP-353, 2011-Ohio-6565, ¶ 11, our brethren from the Tenth District stated:

In the absence of a transcript or an affidavit, the trial court is required to accept the magistrate's findings of fact and may only determine the legal conclusions drawn from those facts. * * * Similarly, because plaintiff failed to file a transcript of the hearing with the trial court, our review is limited to whether the trial court correctly applied the law to the facts set forth in the magistrate's decision. * * *.  (Citations omitted.)

{¶ 14} Accordingly, we review appellant's assignments of error only to determine whether the trial court committed plain error regarding the complained of issues.

CREDITING OF TAX REFUND

{¶ 15} Appellant claims the trial court erred in crediting appellee with receiving $3,500.00 from the 2011 federal tax refund when the refund was actually $6,853.00.

{¶ 16} Determinations on property division are within a trial court's sound discretion. *Cherry v. Cherry,* 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981).

{¶ 17} Pursuant to R.C. 3105.171(C)(1), "the division of marital property shall be equal.  If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable."

{¶ 18} In its decision filed May 2, 2014, the magistrate found the following at Finding of Fact No. 103:

The parties filed a joint tax return for the 2011 tax year. There was a refund of $6,853.00. The refund was intercepted by the Child Support Enforcement Agency to pay arrearages. Then, Husband received $3,500.00 back from the intercept. Wife did not receive any money from the $3,500.00 refund. Husband did not provide an accounting for the $3,500.00.

{¶ 19} At page 17, the magistrate concluded the $3,500.00 tax refund was "a marital asset and appears on the balance sheet as an asset of Husband." The balance sheet attached to the decision shows the net marital assets for each party to be equal: $49,527.57 for appellant and $49,527.58 for appellee. The trial court chose to make an equal division.

{¶ 20} We do not find plain error in the trial court adopting the magistrate's decision on the tax refund.

RETROACTIVE CHILD SUPPORT

{¶ 21} Appellant claims the trial court erred in ordering her to pay child support retroactive to March 20, 2013, the first day of the hearings. Appellant points out the minor child resided with her from said date until the decree was entered on January 27, 2015.

{¶ 22} Determinations on child support are within a trial court's sound discretion. *Booth v. Booth,* 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989).

{¶ 23} In its decision filed May 2, 2014, the magistrate found at page 23 that the duration of the marriage was from June 1, 1987 to March 20, 2013. At Finding of Fact No. 74, the magistrate found: "After Wife's vehicle accident and arrest, the children spent

most of the month of April, 2013, living at Husband's home. Husband made sure the children got to school." During the pendency of the proceedings, appellee paid many bills appellant failed to pay, even though he was not ordered to do so, including providing "food for the children when he was requested to do so." Finding of Fact No. 104.

{¶ 24} We do not find plain error in the trial court adopting the magistrate's order of retroactive child support to March 20, 2013.

IMPUTING INCOME TO APPELLANT

{¶ 25} Appellant claims the trial court erred in imputing income to her for child support purposes in the amount of $16,536.00.

{¶ 26} As held by the Supreme Court of Ohio in *Rock v. Cabral,* 67 Ohio St.3d 108, 616 N.E.2d 218 (1993), syllabus:

Whether a parent is 'voluntarily underemployed' within the meaning of R.C. 3113.215(A)(5), and the amount of 'potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion.

{¶ 27} In its decision filed May 2, 2014, the magistrate found the following relative to appellant's ability to earn an income:

57. Wife has not worked outside of the home for many years. When the parties lived in New Jersey, she worked and attended the Fashion

Institute. When living in Florida, Wife attended the Art Institute of Technology. She obtained her Associates' Degree in 1991.

58. With her Associates' Degree, she obtained employment with a company that made shirts. Wife did design work, earning $17,000 to $18,000 per year. She worked for one year, and then became pregnant.

59. Wife has not worked outside of the home since 1993. She stayed home, taking care of the children. Husband traveled frequently for his job, and Wife took care of the children and the household.

60. Wife is currently unemployed, although two children have graduated from high school. David is 18 years of age, but still attending high school. The youngest child is now 16 years old and attending high school.

61. When asked why she isn't currently working, Wife testified that she has a "special needs child." When asked what she has done since the parties' separation to find employment, Wife answered "nothing." In response to her attorney's questions, Wife further testified that she hasn't looked for work because she needs to get her license in order, she is under stress from the divorce, she needs additional training, and it is not fair for her children to come home to an empty house when "I've been there for them all these years."

62. Wife testified that she will require training to re-enter the work force, or would enter the work force in an entry-level position, such as the fast food industry. Wife offered no testimony or evidence of the training she

would like to pursue, how long it would take to obtain training, or the costs of additional training or education.

63. Husband testified that although David is autistic, he is high functioning and capable. Husband does not believe that David's autism would prevent Wife from obtaining employment outside the home.

{¶ 28} The magistrate concluded the following at pages 19, 20, and 21, respectively:

Wife's earning ability has been impaired by her absence from the work force, as she stayed home to care for her children and the household. It will most likely take Wife two to three years to complete some vocational type of training. Wife can enter the work force now, earning entry-level wages, while she obtains further vocational training.

* * *

No evidence was presented to show that it would be inappropriate for either of the parties to work outside the home, as the only minor child of the parties is now 16 years of age.

* * *

The Wife has been a stay at home mother since 1993, which has reduced Wife's earning ability. It is necessary for Wife to further her education and training in order to be competitive in the work force. Wife offered no evidence of the time it will take to obtain training, or the cost.

{¶ 29} The magistrate found appellant should be able to work and imputed a minimum wage income to her.

{¶ 30} We do not find plain error in the trial court adopting the magistrate's imputation of income to appellant.

PAYMENT OF GUARDIAN AD LITEM FEES

{¶ 31} Appellant claims the trial court erred in ordering her to pay her share (50 percent) of the guardian ad litem fees.

{¶ 32} As explained by our brethren from the Tenth District in *Karales v. Karales,* 10th Dist. Franklin No. 05AP-856, 2006-Ohio-2963, ¶ 21:

Regardless, the trial court has discretion over the amount of GAL fees, as well as the allocation to either or both of the parties. *Davis v. Davis* (1988), 55 Ohio App.3d 196, 200; *Robbins v. Ginese* (1994), 93 Ohio App.3d 370. Fees may be allocated based on the parties' litigation success, and the parties' economic status. *Davis,* supra. Moreover, it is proper to allocate GAL fees based upon which party caused the work of the GAL. *Jarvis v. Witter,* Cuyahoga App. No. 84128, 2004-Ohio-6628, at ¶ 100, citing *Marsala v. Marsala* (July 6, 1995), Cuyahoga App. No. 67301.

{¶ 33} In its decision filed May 2, 2014, the magistrate stated at Finding of Fact No. 21: "On June 3, 2013, the Guardian Ad Litem filed a 'Notice of Guardian Ad Litem Fees,' informing the Court and all parties that Husband owed $1,471.00 and Wife owed

$3,802.50."  At Finding of Fact No. 65, the magistrate noted: "Wife testified that she has no means to pay the outstanding Guardian Ad Litem fees."  At page 21, appellant was awarded $3,000.00 per month in spousal support for an indefinite period of time.

{¶ 34} At Finding of Fact No. 77, the magistrate stated the guardian ad litem testified that appellant "did not show up for the first appointment with him, and she arrived thirty minutes late for the second appointment."

{¶ 35} We do not find plain error in the trial court adopting the magistrate's allocation of the guardian ad litem fees.

{¶ 36} Upon review, we find this case does not present exceptional circumstances that rise to the level of plain error.

{¶ 37} Assignments of Error I, II, III, and IV are denied.

{¶ 38} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.


EEW/sg 807