[Cite as *Van Dress Law Offices Co., L.L.C. v. Dawson*, 2017-Ohio-8062.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105189**

# VAN DRESS LAW OFFICES CO., L.L.C.

PLAINTIFF-APPELLEE

vs.

# RUTHERFORD DAWSON, ET AL.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Berea Municipal Court
Case No. 15-CVF-01687

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 5, 2017

**ATTORNEY FOR APPELLANT**

L. Bryan Carr
1392 SOM Center Road
Mayfield Heights, Ohio 44124


**ATTORNEY FOR APPELLEE**

Dean W. Van Dress
Van Dress Law Offices Co., L.L.C.
The Bank of Berea Building
46 Front Street
Berea, Ohio 44017

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Rutherford Dawson[1] appeals from the judgment of the Berea Municipal Court awarding plaintiff-appellee Van Dress Law Offices Co., L.L.C. ("Van Dress") $12,325 in damages, plus interest and court costs, on its claim for breach of contract. For the reasons that follow, we affirm the judgment of the trial court.

**Factual Background and Procedural History**

**The Fee Agreement**

**{¶2}** On December 6, 2013, Van Dress entered into an hourly rate agreement (the "agreement") with Rutherford Dawson, DCI United Properties, L.L.C. ("DCI") and Within Time, Inc. ("Within Time")[2] (collectively, "the clients"). Pursuant to the agreement, Van Dress agreed to represent the clients "in a civil matter, solely for pursuing [a] claim for illegal taxation/fraudulent assessment of clients' property located [at] 21201 Miles Road, North Randall, Ohio." Under the terms of the agreement, Van Dress was to receive $200 per hour and a $1,800 retainer. The agreement further provided in bold, underlined type:

> The client agrees to permit Attorney to withdraw as counsel should any of the foregoing terms be breached by the client, including but not limited to payment of attorney fees or expenses exceeding the initial retainer. The retainer does not include payment of the court filing fee, which shall be tendered prior to the filing of any complaint. The client acknowledges that

---

[1]There are two different spellings of Dawson's first name in the record — Ruthaford and Rutherford. Likewise, there are two different spellings of one of his companies — Within Time, Inc. and Withintime, Inc.

[2]Dawson is the sole member or shareholder of both DCI and Within Time.

this case is extremely technical and may have significant opposition, including but not limited to jurisdictional and issues of statute of limitations but still decides to pursue said action. Attorney offers no promises regarding the outcome of said case.

{¶3} The agreement provided that Van Dress would file a complaint by December 31, 2013, and that if the retainer was exhausted, Van Dress would "file for a continuance for response to dispositive motion in order to give client time to get more money." The agreement also stated that "[c]lient further agrees to pay reasonable attorney fees, costs and expenses to Attorney for enforcement or collection of this agreement, exclusive and original jurisdiction thereof lies in the Berea Municipal Court."

{¶4} Dawson executed the agreement for the clients as "Ruthaford Dawson for Pres. DCI United Properties," signing above a typed signature line that stated, "Client's Signature (individually and As authorized representative [sic]."

**The Property Valuation Case**

{¶5} On January 8, 2014, Attorney Van Dress filed a "Complaint and Petition for Writ of Mandamus" on behalf of DCI and Within Time against the Cuyahoga County Fiscal Officer, the Cuyahoga County Treasurer, the Village of North Randall, the Warrensville Heights Board of Education and the Cuyahoga County Board of Revision in the Cuyahoga County Court of Common Pleas (Case No. CV-14-819866) challenging the valuation, for property tax purposes, of a department store building located at the former Randall Park Mall for tax years 2009-2012 (the "property valuation case"). The complaint asserted claims of illegal taxation and estoppel, sought a declaration that the property tax levied against the property from 2009-2012 was illegal, sought to enjoin the

defendants from collecting the "illegal taxes" and sought a writ of mandamus compelling the defendants to revalue the property. The claims survived a motion to dismiss but, on August 6, 2015, the trial court granted the defendants' motion for summary judgment on the grounds that DCI and Within Time had failed to plead fraud with specificity as required under Civ.R. 9(B), had failed to produce any evidence of fraud and had failed to comply with the statutory requirements for filing a tax revision complaint. This court affirmed that decision on appeal. *See Withintime, Inc. v. Cuyahoga Cty Fiscal Officer*, 8th Dist. Cuyahoga No. 103482, 2016-Ohio-2944.

**The Fee Dispute**

{¶6} On August 6, 2015, the trial court granted Van Dress's motion to withdraw as counsel in the property valuation case and Van Dress filed a complaint in the Berea Municipal Court asserting claims of breach of contract and fraud against Dawson. Van Dress alleged that Dawson had failed to pay $12,325 due under the agreement and had fraudulently induced Van Dress to continue to perform legal services for Dawson by making a $1,500 credit card payment and then challenging that payment four months later. Van Dress sought judgment of $15,000 on his claims, "together with all relief available in law or equity." Van Dress attached a copy of the agreement to the complaint along with an invoice dated August 4, 2015, listing a past due balance of $12,325 for 82.5 hours of "legal time" at the rate of $200 per hour and $125 in expenses — less $4,300 in payments received. The invoice included a narrative description of the work performed from December 6, 2013 as follows:

*December 6, 2013 to present:* Research case law and background facts of case. Dialogue with client. Serve notice of intent to sue. Draft and file complaint. Attend hearings. Correspond with opposing counsel. Draft and serve first request for admissions, for interrogatories and for production of documents. Receive and reply to written discovery. Attend and defend deposition of client. R&R motion to dismiss from school board and motion to dismiss from county defendants. Research issues, draft, and file opposition brief to motions to dismiss. Conduct independent research of convictions of major players in federal court: [F]rank [R]usso, [S]andy [K]limkowski, Louis Damiani, etc. Attend settlement conferences and other hearings. R&R Defendants' Motions for Summary Judgment. Research issues, draft, and file Plaintiffs' collective opposition brief to Defendants' Motion for Summary Judgment. Attend Court hearings.

{¶7} On September 18, 2016, Dawson filed, pro se, a motion to dismiss and an answer. Dawson argued that because he was a California resident, the case should be dismissed because it was not filed in the "correct venue" under "Civil [R]ule 12(B)(1)." Dawson also contended that he was not a party to the contract with Van Dress and, therefore, was not responsible for Van Dress's legal fees, that the $1500 credit card charge was reversed after Van Dress failed to perform legal services as agreed and that Van Dress had breached its contract with DCI by filing a motion to withdraw as counsel. The trial court denied Dawson's motion to dismiss.

{¶8} On November 20, 2015, Van Dress filed a motion for summary judgment asserting that there was no genuine issue of material fact that the parties had an enforceable contract and that Dawson had failed to pay $12,325 in attorney fees and expenses due under the agreement. Van Dress also claimed that it was entitled to an additional $1,769 in attorney fees, costs and expenses incurred in enforcing the agreement. Dawson retained counsel and the trial court granted him leave to file an

amended answer. In his amended answer, Dawson denied all of the allegations of the complaint and asserted a laundry list of "affirmative defenses," including that the contract was void and unenforceable and that plaintiff's claims were barred (1) because Dawson was not a party to the contract, (2) "due to the defective fee bill [Van Dress] produced" and (3) due to its own breach of contract and failure to provide "proper legal services." Dawson opposed Van Dress' motion for summary judgment, arguing that he signed the agreement only in his capacity as president of DCI and was, therefore, not personally liable under the agreement. He also asserted that Van Dress was not entitled to the fees claimed because Van Dress failed to properly prosecute the property valuation case.

{¶9} The trial court denied the motion for summary judgment and, on July 20, 2016, the case proceeded to trial before a magistrate.

{¶10} After hearing the evidence and the arguments of counsel, the magistrate found for Van Dress and recommended that judgment be entered in favor of Van Dress for $12,325 plus 3% interest from July 20, 2016. Dawson filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52. On August 10, 2016, the magistrate issued findings of fact and conclusions of law supporting his decision as follows:

> The following are the facts as determined by this Court.
>
> The Plaintiff is a sole member limited liability Company. The only member of said entity is an attorney, to wit: Dean Van Dress, who is licensed to practice law in the State of Ohio. Said attorney has good reputation in the legal community and is known by this Court as qualified, experienced attorney.

Defendant, Rutherford Dawson is an individual who has total ownership in the following entities, DCI United Properties, LLC and Within Time, Inc. Said individual entities own real estate in Cuyahoga County, Ohio.

Undisputed evidence was presented to the Court, through testimony of both Dean Van Dress and Rutherford Dawson, as well as numerous exhibits, which indicated the following:

1) Van Dress Law Office, Co., LLC and Rutherford Dawson, DCI United Properties, LLC and Within Time, Inc. entered into an "Hourly Rate Agreement" on December 13, 2013, in Berea, Ohio, which provided that the Van Dress Law Office, Co., LLC. would provide legal services, at Two Hundred Dollars ($200.00) per hour to Rutherford Dawson, DCI United Properties, LLC and Within Time, Inc. for a representation in a civil litigation in Cuyahoga County, Ohio, for matter which was " * * * extremely technical and may have significant opposition, including but not limited to jurisdictional and issues of statute of limitations * * * attorney offers no promises regarding the outcome of said case." Rutherford Dawson executed said contract personally, and also on behalf of the noted entities. See, Exhibit "A."

2) Attorney, Dean Van Dress, on behalf of the Plaintiff did file lawsuit in said matter in the Cuyahoga Common Pleas Court. The entire matter took approximately two (2) years. During said time, Attorney, Van Dress, did hours of research, opposed several motions, attended at least one extensive deposition, participated in voluminous paper discovery, attended multiple pre-trials and entered into numerous settlement negotiations.

3) Attempts at settlements were made; however, defendant(s) refused all settlement offers. See, Exhibit "K."

4) Plaintiff did send several bills to the Defendants and payments were in fact made by Defendant, Rutherford Dawson.

5) Defendant, Rutherford Dawson, put on virtually no defense to the case, other than testifying that he did have discussions with attorney Van Dress about his bills, did make payments on said bills in the amount of $4,300.00 but believed that attorney Van Dress's time was inflated on his billing.

6) The Court did take notice that Rutherford Dawson, in his initial answer submitted, admitted that Defendant, DCI United Properties, LLC does own [sic] plaintiff the sum of $12,325.00.

Based on the above noted Findings of Facts, the Court makes the following Conclusions of Law:[3]

1) A contract was entered into by the parties;

2) Plaintiff did excessive legal work pursuant to the contract;

3) The value of said legal work and costs expended were $16,625.00, which Defendant was billed for;
4) The Defendant paid the sum of $4,300.00 on said billing; and

5) Thus, Defendant owes Plaintiff the sum of $12,325.00 for which judgement was/is rendered.

{¶11} On August 24, 2016, Dawson filed preliminary objections to the magistrate's decision, asserting that the magistrate's decision was not supported by the evidence. Dawson argued that the trial court should reject the magistrate's decision because Van Dress had failed to establish that its fees were reasonable or necessary and had failed to introduce any expert testimony supporting its claim. He further argued that Van Dress should be precluded from collecting its fees because it never submitted an itemized billing statement and that Dawson should not be held individually liable on the fee agreement because he did not sign the agreement in his individual capacity. Dawson also challenged the magistrate's findings regarding the value of Van Dress's services, that Van Dress had a good reputation in the legal community, that Dawson "put on virtually

---

[3]Although denoted "Conclusions of Law," we note that many of these findings are actually findings of fact.

no defense" and that Dawson "admitted" in his initial answer that DCI owed Van Dress $12,325. Dawson requested an extension of time to file supplemental objections once the trial transcript was prepared and filed with the court.

{¶12} On August 31, 2016, the trial court granted Dawson's motion for extension of time and indicated that it would withhold ruling on Dawson's preliminary objections pending supplementation. Van Dress filed a response to Dawson's objections and an "opposition to any further delay." On September 22, 2016, the trial court set a deadline of October 5, 2016, for Dawson to supplement his objections. Dawson did not file any supplemental objections. Although the trial exhibits were filed,[4] the trial transcript was not filed with the trial court.

{¶13} On October 18, 2016, the trial court overruled Dawson's objections, approved and confirmed the magistrate's decision and entered judgment for Van Dress in the amount of $12,325 plus 3% interest from July 20, 2016, and court costs.

{¶14} Dawson appealed the trial court's judgment, raising the following two assignments of error for review:

---

[4]The trial exhibits consisted of copies of: the agreement; email exchanges between Van Dress and Dawson regarding the status of, and developments in, the property valuation case, the need for funds to prosecute the property valuation case and settlement negotiations; the August 4, 2015 invoice, a January 2015 and an April 20, 2015 invoice; an invoice dated July 20, 2016 reflecting a balance due of $4,148 for legal fees and expenses incurred in enforcing the agreement; the complaint, plaintiffs' combined opposition to defendants' motions for summary judgment and the journal entry granting defendants' motions for summary judgment in the property valuation case; the docket from the property valuation case and this court's decision in *Withintime, Inc.*, 8th Dist. Cuyahoga No. 103482, 2016-Ohio-2944.

Assignment of Error I:
The trial court erred in finding that a contract existed between the appellee and appellant.

Assignment of Error II:
The trial court erred in awarding appellee $12,325.00 in attorney fees; the appellee's narrative invoices are vague and inappropriate; the fees requested (and awarded) are unreasonable.

**Law and Analysis**

**Standard of Review**

{¶15} We review a trial court's adoption of a magistrate's decision under an abuse of discretion standard. *Agnew v. Muhammad*, 8th Dist. Cuyahoga No. 100599, 2014-Ohio-3419, ¶ 15, citing *Butcher v. Butcher*, 8th Dist. Cuyahoga No. 95758, 2011-Ohio-2550, ¶ 7. Under an abuse of discretion standard, the trial court's decision will be reversed only if it is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**Independent Review**

{¶16} As an initial matter, Dawson argues that the trial court's judgment should be reversed because the trial court failed to conduct a "thorough independent review" of the facts and conclusions set forth in the magistrate's decision.

{¶17} When ruling on objections to a magistrate's decision, Civ.R. 53 requires the trial court to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). An appellate court "'must presume that a trial court has

performed an independent review of the magistrate's recommendations unless the appellant affirmatively demonstrates the contrary.'" *Walpole v. Walpole*, 8th Dist. Cuyahoga No. 102409, 2015-Ohio-3238, ¶ 63, quoting *Barrientos v. Barrientos*, 196 Ohio App.3d 570, 2011-Ohio-5734, 964 N.E.2d 492, ¶ 5 (3d Dist.). Simply because a trial court adopted the magistrate's decision does not mean that it did not exercise its independent judgment. *See, e.g., Millers v. Kasnett*, 2015-Ohio-298, 26 N.E.3d 915, ¶ 20 (8th Dist.), citing *Brzozowski v. Brzozowski*, 8th Dist. Cuyahoga No. 101013, 2014-Ohio-4820, ¶ 7.

**{¶18}** Dawson asserts that there was "no thorough independent review" of his objections to the magistrate's decision because the trial court "failed to advise" why it awarded $12,325 attorney fees to Van Dress. However, the fact that a trial court overrules a party's objections to a magistrate's decision and adopts that decision without a detailed explanation "does not show lack of an independent review of the matters to which proper objections were raised." *Millers* at ¶ 21. "'[T]he trial court is not required to "comment or reference" any portion of the record in undertaking its independent review of the record.'" *Id.,* quoting *Ernsberger v. Ernsberger*, 8th Dist. Cuyahoga No. 100675, 2014-Ohio-4470, ¶ 21.

**{¶19}** Here, the trial court stated in its October 18, 2016 judgment entry that it "independently reviewed the Report and Recommendation of the magistrate" and that "[p]laintiff substantiated his claim." Dawson has pointed to nothing in the record indicating that the trial court failed to conduct an independent review of the magistrate's

decision. Accordingly, we find no merit to Dawson's argument that the trial court failed to independently review the magistrate's decision.

**{¶20}** Furthermore, we note that Dawson did not file a transcript or affidavit with his objections to the magistrate's decision. Under Civ.R. 53, any "objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). In this case, although the trial court granted Dawson leave to file supplemental objections once the transcript was prepared, Dawson never did so. The record reflects that Dawson filed the transcript only after the case was on appeal. "It is well established that if the objecting party fails to file a proper transcript of all relevant testimony with his or her objections, a trial court's review is necessarily limited to the magistrate's conclusions of law." *Vannucci v. Schneider*, 8th Dist. Cuyahoga No. 104598, 2017-Ohio-192, ¶ 17; *see also James v. My Cute Car, L.L.C.*, 10th Dist. Franklin No. 16AP-603, 2017-Ohio-1291, ¶ 15 ("'In the absence of both a transcript and an affidavit, the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts.'")*, quoting *Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 16-18.

**{¶21}** Likewise, the failure to file a transcript or affidavit under Civ.R. 53(D)(3)(b)(iii) waives all factual challenges to the magistrate's decision on appeal. *See, e.g., In re A.L.,* 8th Dist. Cuyahoga No. 99040, 2013-Ohio-5120, ¶ 11; Scott *v. Nameth*,

10th Dist. Franklin No. 16AP-64, 2016-Ohio-5532, ¶ 23; *see also Gill v. Grafton Corr. Inst.*, 10th Dist. Franklin No. 09AP-1019, 2010-Ohio-2977, ¶ 14 ("where a party files objections to a magistrate's decision in the trial court, but does not support those objections with a transcript or affidavit, that party is precluded from arguing on appeal that the trial court erred in its factual determinations").  Because the trial court did not have the transcript before it when it made its decision, we cannot consider the transcript on appeal.  *See, e.g., Vannucci* at ¶ 18;  *In re A.L.,* at ¶ 12.  "[A]n appellate court is precluded from considering a transcript of proceedings submitted in conjunction with the appellate record when said transcript was not made a part of the proceedings before the trial court."  *Wells Fargo Bank v. Rennert*, 8th Dist. Cuyahoga No. 101454, 2014-Ohio-5292, ¶ 14-15; *see also Ortega v. Ortega*, 5th Dist. Fairfield No. 15-CA-8, 2017-Ohio-7346, ¶ 10 ("'When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record.'"), quoting *Oyler v. Oyler*, 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, ¶ 27.  As the Ohio Supreme Court has stated:

> If a party fails to follow the procedures set forth in Civ.R. 53(D)(3)(b)(iii) for objecting to a magistrate's findings by providing a transcript to the trial court when filing objections, that party waives any appeal as to those findings other than claims of plain error.  Civ.R. 53(D)(3)(b)(iv). * * * In plain terms, the court of appeals cannot consider evidence that the trial

court did not have when it made its decision. *Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶ 13-15.[5]

*State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶ 11; *see also State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995) ("When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. * * * In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion."); App.R. 9(C)(2) ("If any part of the error assigned on appeal relates to a factual finding, the record on appeal shall include a transcript or affidavit previously filed with the trial court as set forth in Civ.R. 53(D)(3)(b)(iii) * * *."). Thus, our review is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision with regard to conclusions of law. *Wells Fargo Bank* at ¶ 15.

**Existence of a Contract Between Van Dress and Dawson**

**{¶22}** In his first assignment of error, Dawson contends that the trial court's judgment should be reversed because its finding that a contract existed between Dawson

---

[5]There has been no claim of plain error in this case.

and Van Dress was "clearly erroneous." He contends that he "never signed [the agreement] personally" and only signed the agreement in his capacity as president for DCI. In support of his argument, Dawson cites to the agreement and various pages of the trial transcript.

{¶23} As indicated above, we cannot consider the trial transcript or any factual issues allegedly raised by the testimony presented at trial because the trial court did not have the transcript before it when it made its decision.

{¶24} Even if we could properly consider the issue, the agreement supports the trial court's conclusion that Dawson signed the agreement both as president of DCI and individually. Whether a corporate officer is personally liable on a contract "'depends upon the form of the promise and the form of the signature.'" *R.C.H. Co. v. Classic Car Auto Body & Frame, Inc.*, 8th Dist. Cuyahoga No. 83697, 2004-Ohio-6852, ¶ 13, quoting *Spicer v. James*, 21 Ohio App.3d 222, 223, 487 N.E.2d 353 (2d Dist.1985). If a contract is ambiguous as to whether a person signed a contract in an individual or corporate capacity, it is an issue of fact for the trier of fact. *J.D.S. Props. v. Walsh*, 8th Dist. Cuyahoga No. 91733, 2009-Ohio-367, ¶ 19.

{¶25} Dawson cites *Marhofer v. Baur*, 101 Ohio App.3d 194, 655 N.E.2d 248 (9th Dist.1995), to support his position that Dawson is not personally liable for the attorney fees awarded against him. In this case, Dawson is the signatory on the contract. He signed on the signature line as "Ruthaford Dawson for Pres. DCI United Properties" and said signature line was above the printed words "Client's Signature (individually and As

authorized representative [sic]." The preamble of the contract reflects that the agreement was entered into "by and between Van Dress Law Offices Co[.] LLC, Attorney, 46 Front Street, Berea, Ohio 44017 and DCI United Properties LLC, Within Time Inc. and *Ruthaford Dawson* residing at 2443 E. 67th 44104, in the City of Cleveland, State of Ohio (hereinafter "client")." (Emphasis added.)

**{¶26}** In *Marhofer*, the contract at issue was entered into by John A. Marhofer d.b.a. Automotive Business Associates, Courtesy Pontiac Olds Inc. and "Daniel E. Baur, its Pres; collectively, jointly and severally, SELLER." *Id.* at 197. Baur's signature appeared at the end of the agreement directly below the typed words "Courtesy Pontiac Olds, Inc." *Id.* at 196. The typed word "By," followed by a colon, immediately proceeded his signature, and his signature was followed by the designation "Pres." *Id.*

**{¶27}** In *Marhofer,* there was no argument that Baur had signed the agreement in his personal capacity; rather, the appellant argued that an individual who signs a contract only in his corporate capacity could be held personally liable based upon the "form of the promise." *Id.* at 197. Applying *Spicer*, 21 Ohio App.3d 222, 487 N.E.2d 353, the court held that "the form of the signature controls over the form of the promise when there is a discrepancy between the two." *Marhofer* at 197-198.

**{¶28}** In this case, there is no such discrepancy. In this case, both the "form of the promise" and the "form of Dawson's signature" supports the trial court's conclusion that he was individually liable under the agreement. Although Dawson contends that what was printed below his signature is "irrelevant," we disagree. The "form of the

signature" includes both the typed text underlying the signature and the signature itself. *See Marhofer* at 197.

{¶29} The contractual terms identify two entities and Dawson as the parties who contracted with Van Dress. In addition, Dawson's signature identified himself both as the authorized representative of the previously identified entity *and* as signing "individually.*"* Dawson did not strike out the word "individually" when signing the agreement. Dawson did not sign the agreement only as president of DCI and therefore, he was not entitled to judgment as a matter of law. *See R.C.H.,* 2004-Ohio-6852, at ¶ 13 (where "the clear intent" of the agreement was that individual was a party to the contract and would be individually liable, individual could not "defeat this obvious intent" by writing the word "president" above his signature on the line marked with his name individually).

{¶30} Accordingly, based on the record before us, we find no abuse of discretion in the trial court's adoption of the magistrate's decision that Dawson executed the agreement "personally" and was individually liable for any amounts due under the agreement. Dawson's first assignment of error is overruled.

**Reasonableness of Fees Billed**

{¶31} In his second assignment of error, Dawson contends that the trial court abused its discretion in adopting the magistrate's decision to award Van Dress $12,325 in attorney fees because Van Dress provided only "narrative invoices," failed to establish

that the amounts billed were reasonable and necessary and failed to present expert testimony regarding its fees.

{¶32} Where an attorney brings an action to recover attorney fees, the attorney has the burden of proving (1) that "'the time was fairly and properly used'" and (2) "'the reasonableness of [the] work hours devoted to the case.'" *Koblentz & Koblentz v. Ferrante*, 8th Dist. Cuyahoga No. 86969, 2006-Ohio-1740, ¶ 24, quoting *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter*, 100 Ohio App.3d 313, 653 N.E.2d 1245 (10th Dist.1995); *see also Reminger & Reminger Co., L.P.A. v. Fred Siegel Co., L.P.A.*, 8th Dist Cuyahoga No. 77712, 2001 Ohio App. LEXIS 760, 16 (Mar. 1, 2001) ("'where a fee agreement exists, that contains the hourly rate as well as a retainer fee, the attorney seeking to recover fees must also demonstrate that the time spent was fairly and properly used, and that the work hours devoted to the case were reasonable'"), quoting *Thompson, Hine & Flory v. Pingue Properties, Inc.*, 10th Dist. Franklin No. 95APE 07-881, 1996 Ohio App. LEXIS 1346, 4 (Mar. 29, 1996). "'[A]ttorney fees are not justified merely because the lawyer has charged his professional time and expenses at reasonable rates; a legitimate purpose must also explain why the lawyer spent that time and incurred those costs.'" *Lillie & Holderman v. Dimora*, 8th Dist. Cuyahoga No. 99271, 2013-Ohio-3431, ¶ 12, quoting *Disciplinary Counsel v. Johnson*, 113 Ohio St.3d 344, 2007-Ohio-2074, 865 N.E.2d 873, ¶ 71.

{¶33} Dawson asserts that because Van Dress failed to submit itemized billing statements, it "simply cannot collect fees" and that "[c]ourts demand attorneys provide

itemized billing statements when determining the reasonableness and necessity of fees." Even assuming Van Dress failed to submit itemized billing statements, the cases Dawson cites for these propositions do not support them. In *Breen v. Total Quality Logistics*, 10th Dist. Franklin No. 16AP-3, 2017-Ohio-439, the court held that the submission of itemized statements together with the attorney's own testimony was "sufficient evidence" from which the trial court could find that his fees were reasonable and that expert testimony was not required. *Id.* at ¶ 25. It did not address an attorney's failure to provide itemized billing statements. In *Hrenya v. Loch*, 8th Dist. Cuyahoga No. 84099, 2004-Ohio-5032, the appellant argued that trial court's attorney fee award was not supported by the evidence. Although the trial court noted that the attorney "did not provide an itemized account of his time," it found that appellant had waived the issue because he did not question the reasonableness of the attorney's time or his hourly rate during cross-examination at the damages hearing. *Id.* at ¶ 10. *Disciplinary Counsel v. Smith*, 143 Ohio St.3d 325, 2015-Ohio-1304, 37 N.E.3d 1192, involved a disciplinary proceeding in which the respondent was charged with multiple violations of the disciplinary rules arising out of his alleged unethical billing practices, i.e., billing for work performed by another attorney, billing time in excess of the time actually spent on a particular task, billing for work that was never performed by anyone and billing time to multiple cases and clients for identical services and time on the same day. *Id.* at ¶ 1-2. The respondent alleged that his clients "had requested and approved generic billing narratives" and that "his billing methods were consistent with the billing instructions he

had received from his clients." *Id.* at ¶ 3, 9. Based on the respondent's defense, the court remanded the case for further discovery and hearing regarding the content of online databases that "in all probability would serve to either confirm or discredit [the respondent's] claims." *Id.* at ¶ 14. *Cincinnati Bar Assn. v. Selnick*, 94 Ohio St.3d 1, 759 N.E.2d 764 (2001), involved a disciplinary action in which the parties stipulated to numerous disciplinary rule violations arising out of, among other things, the respondent's failure to provide itemized bills or accountings and failure to refund the unused portion of clients' retainers after the clients terminated the representation. *Id.* at 2-3.

{¶34} Dawson also claims that, because there is a dispute between the parties as to the amount of fees billed, Van Dress was required to support its claim for attorney fees with independent expert testimony. However, where "the client did not make any attempt to contact the attorney during the tenure of the attorney-client relationship to express dissatisfaction with the legal services rendered or the amount being charged for those services, and the attorney kept the client apprised of the status of the client's legal matter," this court has held that no expert testimony is required and that "the attorney can testify to the reasonableness of his own fees." *See, e.g., Koblentz & Koblentz v. Summers*, 8th Dist. Cuyahoga No. 94806, 2011-Ohio-1064, ¶ 13; *see also Lillie & Holderman* at ¶ 12; *Reminger* at 21-22.

{¶35} There is nothing in the record before the trial court that would indicate that Dawson ever expressed dissatisfaction with the fees charged during the tenure of their attorney-client relationship. Nor is there any indication that Van Dress was not keeping

Dawson apprised of the status of the case. To the contrary, the email exchanges between Dawson and Van Dress that were included in the trial exhibits express Dawson's satisfaction with the work Van Dress was doing and show that Van Dress was updating Dawson regarding the status of the case.

{¶36} With respect to Dawson's claim that Van Dress otherwise failed to present sufficient evidence establishing that the fees it billed were reasonable and necessary, resolution of Dawson's objections would necessarily involve a factual analysis of the evidence presented before the magistrate. Based on the evidence presented, the magistrate concluded that the value of the work performed and related expenses was $16,625 and that after subtracting Dawson's $4,300 in payments, Dawson owed $12,325. Given his failure to file the transcript, the objections Dawson raised with the trial court regarding the magistrate's findings were unsupported.

{¶37} Accordingly, the trial court did not abuse its discretion in overruling Dawson's objections and adopting the magistrate's decision with respect to the amount of attorney fees due Van Dress. We overrule Dawson's second assignment of error.

{¶38} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR